## Richmond.

## CHESAPEAKE AND POTOMAC TELEPHONE COMPANY OF VIRGINIA V̄. CARLESS.

### March 18, 1920.

1. TELEGRAPHS AND TELEPHONES.—*Damages—Wrongful Suspension of Telephone Service.*—In an action in tort by a nurse to recover damages for injuries occasioned her by the wrongful suspension by defendant of her telephone service, the plaintiff is entitled to recover compensatory damages for physical hardship occasioned by exposure to cold while waiting for several hours on a steamboat wharf, and for inconvenience and annoyance in the conduct of her calling as a nurse and in her affairs generally, although the evidence failed to affirmatively show any actual pecuniary loss or damage of the plaintiff as measured in dollars and cents.

2. DAMAGES.—*Certainty in Proving Quantum of Damages.*—Where the existence of a loss is established, absolute certainty in proving its quantum is not required. Where the plaintiff can show to the satisfaction of the jury that he has suffered damages by the injury, he is not precluded from recovering nor confined to merely nominal damages because he cannot show the exact amount with certainty. When from the nature of the case the amount of damages cannot be estimated, with certainty or only a part of them cannot be so estimated, all the facts and circumstances of the case having any tendency to show damages, or their probable amount, may be placed before the jury so as to enable them to make the most intelligible and probable estimate which the nature of the case will admit.

3. DAMAGES.—*Physical Discomfort.*—Inconvenience amounting to physical discomfort is a subject of compensation.

4. DAMAGES.—*Mental Suffering.*—If a cause of action exists independently of the mental suffering, so that an action will lie at any rate, there can be no doubt of the right to compensation for any mental suffering which proximately follows.

5. TELEGRAPHS AND TELEPHONES.—*Damages—Discontinuance of Telephone Service—Annoyance to Plaintiff—Case at Bar.*—In the instant case, an action in tort by a nurse to recover damages for injuries occasioned her by the wrongful suspension by

defendant of her telephone service, there was sufficient proof of some pecuniary loss and also of physical discomfort suffered by the plaintiff as proximately caused by the tort complained of. That being true, there was sufficient proof to sustain the action for the recovery of more than mere nominal damages, independently of the annoyance occasioned to the plaintiff. And that being so, the additional injury suffered by the plaintiff from the annoyance, when considered as mental in its character only, was proper matter for the consideration of the jury in fixing the total amount of damages.

Error to a judgment of the Circuit Court of city of Norfolk, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

This is an action in tort by notice of motion by the defendant in error, Miss J. B. Carless, against the plaintiff in error to recover damages for injury occasioned her by a wrongful suspension of telephone service.

The material and uncontroverted facts in the case are as follows:

Miss Carless, a householder and trained nurse by profession, rented a telephone from the telephone company for which the rental was $2.00 per month, payable monthly in advance, and for which bills were rendered accordingly. It was the custom of the company not to suspend the service for non-payment of a single month's rent, but in cases of such default it would include such rent in arrears in the bill for the next succeeding month's rent and if that bill was not promptly paid it would discontinue, or "suspend" the service some time during such second month of default of the subscriber. A bill for $2.00 for the October, 1917, rental was paid at the office of the company on November 19, 1917, and the receipted bill taken. Notwithstanding such payment the 'phone service was discontinued on that

day. A bill for $4.00, including the same $2.00 October rental aforesaid and the November rental of $2.00, was paid at the office November 22, 1917, by the mother of Miss Carless, and the receipted bill taken. At this time complaint was made by Miss Carless, through her mother, to the same employee of the company to whom the latter bill was paid, of the service having been discontinued and of the October rental having to be paid twice. Notwithstanding such second payment, which in effect paid the 'phone rent both for November and December, the service was not then restored but continued suspended until December 4, 1917, a period of 16 days. During such period very numerous complaints were made to the company of its continuing suspension of such service. Such complaint being made by Miss Carless, her mother, a lodger, and also by an old friend of the family, who had frequent occasion to communicate with Miss Carless or her mother, and such complaints were practically made to the company daily, and sometimes two or three times a day, and its attention was repeatedly called to the fact that the rental aforesaid had been paid and was not in arrears. But the company persisted in its claim that the rent was in arrears under such circumstances as evidenced very gross negligence and carelessness on its part in the premises, and indifference to the inconvenience and annoyance being occasioned to the plaintiff by the discontinuance of the service aforesaid. The service was not restored until an attorney was employed by Miss Carless and the case was taken up with the company by him.

The evidence in the case proves that the discontinuance or suspension of the telephone service aforesaid was the proximate cause of actual serious inconvenience and annoyance to the plaintiff in the conduct of her calling as a nurse and in her affairs generally, and on one occasion was the proximate cause of her being exposed to the physical hardship of remaining alone in a waiting room on a steamboat

wharf in which there was no fire from about 5:30 to 7:00 o'clock on a very chilly morning in December.

The evidence falls short of showing any actual loss or damage of the plaintiff of any certain number of dollars and cents.

There was a verdict and judgment for the plaintiff for the amount of $600 damages, and the defendant brings error.

*Loyall, Taylor & White,* for the plaintiff in error.

*B. A. Banks, Tazewell Taylor,* and *E. S. Merrill,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

The ultimate question, and that on which the decision must turn, which is presented for our determination by the assignments of error, is the following:

[1]   1. Is the plaintiff, in an action of tort such as this, entitled to recover compensatory damages for physical hardship of exposure to cold weather and for inconvenience and annoyance in the conduct of her calling as a nurse and in her affairs generally, the evidence failing to affirmatively show any actual pecuniary loss or damage of the plaintiff as measured in dollars and cents?

The better opinion and the holding of the weight of authority on this subject seems to be that such damages may be recovered in such an action in such condition of the proof.

In *Sommerville* v. *Chesapeake & Potomac Telephone Co.* (App. D. C.), 258 Fed. 147, in the opinion of the Court of Appeals of the District of Columbia, delivered by Smyth, chief justice, it is said: "Here the company acted in good

faith, believing that Sommerville" (one of the telephone subscribers and the plaintiff) was indebted to it, and that it had the right to put an end to his service. But * * it does not seem reasonable that in these days, when a telephone is an indispensable adjunct to every line of business, the inevitable inconvenience, annoyance and loss of time caused to a subscriber by the wrongful action of the company in cutting off his service without notice should not be regarded as a proper subject for compensatory damages. To prove that one lost a certain number of dollars by reason of the company's action might be very difficult, and yet, we think, all reasonable men would say that he was injured thereby. That the company may for just cause, such as the failure to pay his bills when the same become due, refuse to further serve a patron, we may concede" (citing authority) ; "but, when the company takes such action, it must know at its peril that it has a valid reason for doing so."

The opinion further proceeds as follows: "Nor is authority wanting for the proposition that the company must respond in damages for its action in a case like this.

" 'The damages sustained by the loss of a telephone in its very nature is largely composed of inconvenience and annoyance. That a person deprived of the use of a telephone is materially damaged, all will admit. What is the amount of damages in dollars and cents cannot be accurately stated by the party suing, for the reason that his damages consist not only in pecuniary losses, but it consists in inconvenience, discomfort and an annoyance, and it must be left to the jury to determine what is the damage sustained, taking into consideration the discomfort, the annoyance and inconvenience suffered, together with actual and pecuniary losses.' *Telephone Co.* v. *Hobart*, 89 Miss. 252, 262, 263, 42 South. 349, 351, 119 Am. St. Rep. 702." The opinion also cites *Carmichael* v. *Telephone Co.*, 157 N. C. 21, 72 S. E. 619, 39 L. R. A. (N. S.) 651, Ann. Cas. 1913-B, 1117.

In the *Sommerville Case* the proof of damages consisted solely in this: The outgoing service was cut off, but Sommerville's customers could talk with him when they "called him up." "Some 40 to 50 per cent. of Sommerville's business, that of selling engine room supplies, was done over the telephone." Sommerville testified that, "If he desired to initiate a call he was not permitted to do so. In such case he was compelled to visit the patron with whom he wished to communicate and explain why he was not allowed to use the telephone. This, he says, caused him annoyance, inconvenience and humiliation." There was no evidence to prove any damages in dollars and cents.

In the *Hobart Case,* the only pecuniary loss of the plaintiff, testified to, in dollars and cents, was this: The plaintiff said, "that, to his recollection, he spent $25.00 or $30.00 for messengers to send things home." But there were numerous other occasions as to which he testified that he suffered annoyance and inconvenience by reason of being deprived of the telephone service, and he was allowed to recover $150.00 damages.

In the *Carmichael Case* there was no evidence to prove any damages in dollars and cents, but only personal inconvenience and annoyance.

The *Sommerville Case* was decided in 1919, the *Hobart Case* in 1906, the *Carmichael Case* in 1911.

There is only one authority to which our attention has been called which is contrary in its holding to that of the authorities above mentioned, and that is the case of *Cumberland Tel. & Teleg. Co.* v. *Hendon,* 114 Ky. 501, 71 S. W. 435, 60 L. R. A. 849, 102 Am. St. Rep. 290, decided in 1903, which is cited and relied on by the defendant in the case before us. In that case the plaintiff was deprived of the telephone service only from 6:00 o'clock one afternoon until the next morning. When he went to the office of the defendant next morning, the mistake was at once corrected

and the telephone service restored. The evidence showed that only one person sought to reach the plaintiff by telephone that night, and he, in fact, reached the plaintiff by walking to see him in time to answer every purpose of the call over the telephone.

We do not consider the case of *Connelly* v. *Western Union Tel. Co.*, 100 Va. 51, 40 S. E. 618, 56 L. R. A. 663, 93 Am. St. Rep. 919, which is cited and relied on by the defendant telephone company, to be in point. The principle on which that case rests is that there no injury or damage whatsoever, other than mental suffering, anxiety or annoyance, was occasioned; whereas, in the case in judgment there can be no doubt that there was some pecuniary loss occasioned, as by loss of time of the plaintiff in her fruitless efforts to communicate with others over the telephone while the service was suspended, and by other serious and repeated inconveniences extending over a period of sixteen days, caused by the wrongful action of the company in cutting off her service, which while very difficult to measure in dollars and cents, are, nevertheless, pecuniary losses. And, in addition, in the case before us, there was the physical injury of the hardship occasioned the plaintiff, which is mentioned in the statement preceding this opinion, of causing her to have to remain alone in a waiting room on a steamboat wharf, in which there was no fire, from about 5:30 to 7:00 o'clock, on a very chilly morning in December.

[2-4]   As said in Sedgwick on Damages (9th ed.), sec. 170a. "* * where the existence of a loss is established, absolute certainty in proving its *quantum* is not required. The true rule on the subject is announced by the Supreme Court of Michigan, in a well reasoned case (*Allison* v. *Chandler*, 11 Mich. 542, 555). 'Shall the injured party * * be allowed to recover no damages (or merely nominal) because he cannot show the exact amount with certainty, though he is ready to show, to the satisfaction of the jury, that he

has suffered large damages by the injury? Certainty, it is true, would be thus attained; but it would be the certainty of injustice. * * * Juries are allowed to act upon probable and inferential as well as direct and positive proof. And when, from the nature of the case, the amount of the damages cannot be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount, so as to enable them to make the most intelligible and probable estimate which the nature of the case will admit.' "

" * * when the amount of damages is susceptible of proof, proof must be offered; and if in such a case no proof of the *quantum* of damages is offered, recovery can be had for a nominal sum only." *Idem,* sec. 171.

"But while this is the doctrine generally accepted, there are nevertheless many cases (often from the same jurisdiction where the stricter rule has been laid down), in which, no evidence of value having been offered, the jury is allowed to find the value upon their general knowledge. This is, of course, necessarily so in cases where no evidence of value can be given, as in case of pain and suffering, physical or mental, inconvenience, or loss of society, but it has been extended to cover cases of purely pecuniary injury." *Idem,* sec 171a.

"But inconvenience amounting to physical discomfort is a subject of compensation." *Idem,* sec. 42.

"If a cause of action exists independently of the mental suffering, so that an action will lie at any rate, there can be no doubt of the right to compensation for any mental suffering which proximately follows." *Idem,* sec. 431.

[5] The principles involved in the quotations from the learned work last above cited are the same as underlie the decisions in the telephone cases first above cited; and those

principles are applicable, as we think, to the case in judgment. In such case, there was sufficient proof of some pecuniary loss, and also of physical discomfort suffered by the plaintiff as proximately caused by the tort complained of. That being true, there was sufficient proof to sustain the action for the recovery of more than mere nominal damages, independently of the annoyance occasioned to the plaintiff. And that being so, the additional injury suffered by the plaintiff from the annoyance, when considered as mental in its character only, was proper matter for the consideration of the jury in fixing the total amount of damages.

On the whole, therefore, we find no error in the judgment under review, and it will be affirmed.

*Affirmed.*