Syllabus.

# Staunton.

## ANCHOR COMPANY, INC., v. J. R. ADAMS AND N. M. BARBOUR.

### September 18, 1924.

1. APPEAL AND ERROR—*Conflicts in the Testimony.*—Conflicts in the evidence are resolved in favor of the party obtaining the verdict.

2. DAMAGES—*Measure of Damages—Evidence—Estimated or Speculative Profits.*—In an action for damages for the destruction of plaintiff's restaurant business by defendant the trial court clearly instructed the jury that they could not consider speculative and future estimated profits for the purpose of fixing the amount of the liability upon the defendant.

   *Held:* In view of this instruction, that evidence not relied on to show future profits as the measure of the recovery, but introduced simply to show the past history of the business and its condition at the time it was destroyed, was admissible.

3. DAMAGES—*Speculative Damages—Evidence.*—In cases where the damages are of such a character that no precise and definite estimate can be made, juries are allowed to act upon probable and inferential proof as well as that which is direct and positive. One who is clearly liable for some damages cannot defeat a recovery merely because it is impossible to demonstrate the damages with precision. "In such a case the probable profits of the business are not the measure of damages, but they may be proved by general evidence, as well as the extent and character of the business, as affording the best guide to the jury of which the nature of the case admits."

4. COMPROMISE AND SETTLEMENT—*Letters of Attorney—Admissibility in Evidence—Case at Bar.*—In the instant case, an action by a tenant against his landlord for the destruction of his business as a restaurant keeper by reason of building operations by the landlord, the admission of letters written by the attorney of the plaintiffs to the attorney of the defendant was objected to as relating to an effort to compromise. It was shown, however, that the letters were admitted only to contradict the testimony of a witness for defendant who undertook to show that the action of the plaintiffs was sudden, unexpected, without notice, and without previous complaint.

> *Held:* That for this purpose the letters were admissible although it might have been more regular to have proved them by parol.

5. EXEMPLARY DAMAGES—*Destruction of a Business—Case at Bar.*—The wilful and unauthorized destruction of one's business is ground for the imposition of punitive damages on the wrongdoer. In the instant case the defendant, in disregard of its contract, made it impossible for its tenants to continue their business without, so far as the record discloses, justification or excuse, therefore there was no error in an instruction authorizing the imposition of punitive damages.

6. DAMAGES—*Destruction of Business—Damages Held not Excessive—Case at Bar.*—In the instant case, where defendant wrongfully destroyed the restaurant business of plaintiffs for which plaintiffs had paid $1,000.00 in cash, and had bought additional equipment suitable for their business, a verdict for $2,250.00 was not excessive.

Error to a judgment of the Law and Chancery Court of the city of Roanoke, in a proceeding by motion for a judgment for damages.    Judgment for plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Caldwell & Chaney, R. Sidney King,* and *S. K. Funk-houser,* for the plaintiff in error.

*Randolph Henry,* and *H. B. Apperson,* for the defendants in error.

PRENTIS, J., delivered the opinion of the court.

Anchor Company, Inc., is here complaining of an adverse verdict and judgment in favor of Adams and Barbour.    These facts are clearly shown:

[1] The defendant corporation owned a building in the city of Roanoke upon which Mrs. Henry Turner had a lease which expired December 31, 1921.    The room

was used as a lunchroom, and finding her business unsatisfactory, she agreed with Adams and Barbour to sell out to them and to assign her lease as of September 1, 1921, for a cash consideration of $1,000.00. Before concluding this bargain, however, Adams and Barbour approached the defendant for an extension of the lease, and the extension which was granted was a part of the consideration for the contract. The defendant executed a written assent to the assignment, and simultaneously agreed to extend the lease from the date of its expiration, December 31, 1921, to May 31, 1922, increasing the rent from $100.00 to $125.00 per month during the period of such extension. These contracts are in writing, their meaning is clear, and the legal rights of the parties arising thereunder indisputable. Notwithstanding this contract the defendant, in January, 1922, began to make extensive improvements to the property and erected scaffolding around it and in front of the place of business in which the plaintiffs were conducting their restaurant. The plans for improvement involved the taking off of the roof, adding several stories to the building and taking out partitions on the street floor. Access to the restaurant was thereby made difficult, unpleasant and dangerous. The erection of the scaffolding and the prosecution of these plans made it impossible for the plaintiffs to continue their business. These avowed plans of the defendant and its action were in plain disregard of the rights of its tenants, and this motion is based upon allegation and proof of these wrongs. There are some sharp conflicts in the testimony as to whether the business was prosperous or unprosperous, and upon some of the other questions, but these were resolved by the verdict in favor of the plaintiffs.

[2, 3] There are eighteen bills of exception and six-

teen assignments of error, in which there are many repetitions and identical propositions are unnecessarily repeated.    Fairly analyzed, these exceptions generally relate to evidence introduced, as the defendant claims, for the purpose of allowing the recovery of future profits as damages, as to the introduction of certain letters alleged to be inadmissible because they relate to a *bona fide* effort to compromise the claim, and as to instructions relating to punitive damages.    Much of the argument presented in support of these exceptions is sound, but it is perfectly clear to us that it is inapplicable to the facts of this case.    The trial court clearly instructed the jury that they could not consider speculative and future estimated profits for the purpose of fixing the amount of the liability upon the defendant, and the evidence complained of was not relied on to show future profits as the measure of the recovery.    It was introduced simply to show the past history of the business and its condition at the time it was destroyed.    This is the best way to show the natural and proximate results of the wrong complained of.    Both litigants introduced evidence of this character—that is, the plaintiffs sought thus to show the value of the business, and the defendants sought to convince the jury by evidence of similar character that it was worthless, and hence that the damages were inconsequential.    The trial court committed no reversible error in permitting both sides to introduce testimony tending thus to aid the jury in determining the fair value of the business.    In such cases, where the damages are of such a character that no precise and definite estimate can be made, juries are allowed to act upon probable and inferential proof as well as that which is direct and positive.    One who is clearly liable for some damages cannot defeat a recovery merely because it is impossible to demonstrate the damages with precision.

It is said in the leading case of *Peshine* v. *Shepperson,* 17 Gratt. (58 Va.) 472, 94 Am. Dec. 468, which was an action for destruction of a business by the illegal levy of an attachment, that "in such cases the probable profits of the business are not the measure of damages, but they may be proved by general evidence, as well as the extent and character of the business, as affording the best guide to the jury of which the nature of the case admits." *Burruss* v. *Hines,* 94 Va. 414, 26 S. E. 875; *Franklin P. Farm* v. *Nash,* 118 Va. 98, 86 S. E. 836; *C. & P. Telephone Co.* v. *Carless,* 127 Va. 5, 102 S. E. 569, 23 A. L. R. 943; *White Sewing Machine Co.* v. *Gilmore Fur. Co.,* 128 Va. 630, 105 S. E. 134; *Manss-Owens Co.* v. *Owens & Son,* 129 Va. 205, 105 S. E. 543.

[4] As to the admission of letters written by the attorney for the plaintiffs to the attorney for the defendant, after the controversy arose and a few days before the eviction, it was clearly shown that they were not admitted for any other purpose than to contradict the testimony of one of the witnesses for the defendant who undertook to show that the action of the plaintiffs was sudden, unexpected, without notice, and without any previous complaint of the defendant's action. These letters show that all of these matters were under discussion between the attorneys for the parties, and that an earnest demand had been made upon the defendant to respect their contract and the rights of the plaintiffs thereunder. It might have been more regular to have proved this by parol, but this irregularity was not prejudicial to the defendant.

[5] Then, as to the instructions which authorize the imposition of punitive damages: These present no doubtful questions. That the wilful and unauthorized destruction of one's business is ground for the imposition of punitive damages on the wrongdoer has been set-

tled in this State ever since the decision of *Peshine* v. *Shepperson*, *supra*. The undisputed facts in this case justify the imposition of such damages. The defendant, in disregard of its contract, made it impossible for its tenants to continue their business. So far as this record discloses, its action was without justification or excuse. No palliation of its conduct is suggested. Those responsible therefor were apparently either ignorant of the plaintiffs' rights or else contemptuous of them. If contemptuous, they apparently took a chance, relying upon their ability to convince a jury that the business was of small value. When such a chance is taken, the loser must expect the sanctity of contracts to be vindicated and all doubts to be resolved in favor of the plaintiff who suffers such a wrong.

[6] The verdict was for $2,250.00 damages, and there is nothing in the amount of the recovery to suggest that the jury were influenced by any passion or prejudice. The plaintiffs had paid $1,000.00 in cash and had bought additional equipment suitable for their business, the value of which business, by the conduct of the defendant, has been destroyed, and the excess over the amount of the actual monetary loss sustained cannot be fairly criticized.

Our conclusion, then, is to affirm the judgment.

*Affirmed.*