16656

GREENWOOD MFG. CO. v. WORLEY
(71 S. E. (2d) 889)

Messrs. *J. Perrin Anderson* and *W. H. Nicholson, Sr.,* of Greenwood, *for Appellant,*

Messrs. *Charles & Charles,* of Greenwood, *for Respondent,*

158

Aug. 6, 1952.

FISHBURNE, Justice.

On December 13, 1949, the appellant Greenwood Manufacturing Company, brought an action in Claim and Delivery to replevin certain dress goods and articles of ladies' ready-to-wear which had been sold or consigned by it to respondent, Worley. At the time the action was instituted, the appellant filed the necessary bond with the sheriff, and the goods were seized by him and delivered to the possession of appellant. The respondent filed no replevin bond.

In his answer, the respondent denied the right of the appellant to the possession of the goods, claiming that the transaction was a sale and not a consignment, and filed a counterclaim alleging that the appellant had wrongfully taken the articles from his possession, and that he had suffered actual damages in the sum of $10,000.00.

Greenwood Manufacturing Company is a corporation engaged in the business of manufacturing and selling certain articles of clothing. Its home office and one of its manufacturing plants, is located at Greenwood, South Carolina. Mr. Duke Greenfield is president of the corporation.

The appellant sold various amounts of ladies' clothing to the respondent, Worley, which were placed in the latter's mercantile store in Greenwood, the total value of which, as

claimed, was approximately the sum of $2,360.00. The goods referred to were delivered on December 1 and 2, 1949, and were replevied by the corporation ten days later in the claim and delivery action hereinabove referred to.

Upon trial, the case was submitted to the jury, which returned a verdict in favor of the respondent on his counterclaim against the appellant: (1) For a return of the goods, or if return could not be had, then for their value, namely, the sum of $2,142.75; and (2) actual damages for the wrongful taking and detention in the amount of $2,500.00. Following the publication of the verdict, the appellant moved for judgment *non obstante veredicto,* and then for a new trial.

After hearing these motions, the trial judge granted a new trial unless the respondent should remit on the record within ten days that portion of the verdict "wherein he is entitled to a return of the goods, or if a return cannot be had, then for the value in the sum of $2,142.75." Within due time, the respondent remitted on the record the above portion of the verdict, which left the verdict for actual damages in the sum of $2,500.00.

To review the judgment entered upon this verdict for actual damages, the appellant is prosecuting this appeal.

Appellant contends that the verdict was contrary to the law and the evidence, in that there was no credible testimony to go to the jury upon the question of whether the delivery of the goods by appellant to respondent was an outright sale rather than a delivery upon consignment.

The uncontradicted testimony shows that Mr. Duke Greenfield, President of the appellant, was a regular daily customer of the respondent at his barbershop in the city of Greenwood, and had been so for several years; the respondent personally served Mr. Greenfield. During the course of the years they became friendly and more or less intimate. About six months prior to the commencement of this litigation, Mr. Greenfield suggested and encouraged respondent,

who was wholly inexperienced in the mercantile business, to secure a location, and that he would establish him in business, furnish goods from appellant's wholesale plant, provide a line of credit, and advise him as to prices, markets, etc.

The evidence further tends to show that the respondent after considerable effort, secured an attractively located store on a prominent business street in Greenwood, and when it had been approved by Mr. Greenfield, leased it for a period of five years at a monthly rental of $100.00 per month. This building was, at considerable expense and outlay of time, prepared by respondent for the reception and display of goods; clerks were hired, and considerable advertising was done in the newspapers prior to the opening day,—December 7, 1949.

Following the receipt of the goods by respondent, on or about December 1 and 2, 1949, a misunderstanding arose between him and Mr. Greenfield regarding the character and quality of the goods delivered; respondent contended that they were shoddy and shopworn. Whereupon, appellant demanded full payment, or else, a mortgage to secure the purchase price. Greenfield threatened that if this demand was not met, he would close the business. Respondent refused the demand upon the ground that the goods were not sold to him upon consignment and that the sales price was not due.

The record is replete with evidence offered by respondent tending to show that the transaction between him and appellant was an unconditional sale upon credit, and not upon consignment. Evidence was also introduced by appellant from which the inference might be drawn, that the goods in question were sold to respondent upon a consignment basis. It is needless to enter into any lengthy narration of the evidence.

There is hardly any conflict as to the law on the distinction between a sale and a consignment. The whole difficulty arises, as is usual, in applying the law to

the particular facts of each case. It is, of course, of the greatest importance to determine the real character of every transaction, for if it is a sale, title to the property, with all its attendant advantages and responsibilities, passes; while if it is a consignment, title does not pass, being merely an agency for the purpose of the sale. 77 C. J. S., Sales, § 270, page 1072.

The primary test as to the character of the contract is the intention of the parties to be gathered from the whole scope and effect of the language used; and mere verbal formulas, if inconsistent with the real intention, are to be disregarded. 12 Am. Jur., § 242, page 776; 46 Am. Jur., § 17, page 211.

"A judgment notwithstanding the verdict will not be entered where the evidence raises an issue for the jury, as where there is evidence reasonably tending to support the verdict or where there is a substantial conflict in the evidence." 49 C. J. S., § 60b, page 160.

The testimony of the opposing sides is in conflict, and in our opinion the trial court committed no error in refusing the motion of appellant for judgment *non obstante veredicto*. The true character of the transaction was properly left to the jury.

Error is assigned because the court allowed the full verdict of $2,500.00, which the jury awarded against the appellant for actual damages, to stand. It is contended that a new trial should have been granted outright, or a new trial unless the respondent remitted on the record all of the verdict for damages excepting the sum of $730.25.

The testimony of the respondent shows that he expended the sum of $1,450.00 in preparing the store building for the operation of the business upon which he was about to embark. This expenditure included a complete renovation of the interior of the building and the purchase of equipment of various kinds, such as display racks, mirrors, etc. In addition to this, he had purchased with his own money from

a third party, merchandise at a cost of $500.00, making a total of $1,950.00.

Following the seizure and re-possession by appellant of the goods it had sold and delivered to respondent, the respondent sold all of his equipment and his remaining merchandise, realizing therefrom the sum of $1,000.00. Hence, it is maintained by appellant that the total damage to respondent could have amounted only to the difference between $1,950.00 and $1,000.00, which is $950.00. It is further contended by appellant that during the few days the store was open for business, the respondent admittedly sold a portion of the merchandise delivered to him by appellant, amounting to $219.25, which, deducted from the above figure of $950.00 would leave $730.75, and that this latter figure, considering the evidence most favorable to respondent, shows a total loss no greater than a minimum of $730.75.

The items above mentioned, however, by way of damages, are not conclusive. They do not include, among other things, the personal services and the time spent by respondent and his wife in the business of preparing to open the mercantile business, and planning and arranging the numerous details which such opening involved.

It may reasonably be inferred that respondent and his wife spent approximately six months, inexperienced as they were, in formulating their plans and making preparations for their initial beginning in operating a store. Much time and effort were expended by the respondent in locating a suitable site for his business, leasing it for a period of five ·years, and thereafter supervising the painting, decorating, installation of lights, mirrors, fixtures and other paraphernalia usually connected with the operation of a store dealing in ladies' ready-to-wear.

It is worthy of note that although Mr. Duke Greenfield, president of the appellant corporation, with whom respondent had all of his dealings, was present and sat in the court

room during the course of the trial, yet he was not called by appellant to testify.

It is well settled that if a party fails to produce the testimony of an available witness on a material issue in the cause, it may be inferred that his testimony, if presented, would be adverse to the party who fails to call the witness. *Keller v. Provident Life & Accident Ins. Co.,* 213 S. C. 339, 49 S. E. (2d) 577; *Robinson v. Duke Power Co.,* 213 S. C. 185, 48 S. E. (2d) 808; *Gaskins v. Firemen's Ins. Co. of Newark, New Jersey,* 206 S. C. 213, 33 S. E. (2d) 498. The record contains no suggestion or explanation concerning the failure of appellant to call Mr. Greenfield as a witness.

The trial judge in passing upon the motion for a new trial, *nisi,* refused to disturb the portion of the verdict now under attack, stating:

"As to the additional damages awarded the defendant for the wrongful taking and detention of the goods by the plaintiff, it is my opinion that adequate basis for the amount as found by the jury is contained in the evidence. Various elements of damages were submitted to the jury for their consideration. Some of these were capable of exact measurement, while others were not. It is needless for me to enter into an extended discussion of the different items composing the general damages. A portion of the opinion of our Supreme Court in the case of *Powers v. Calvert Fire Insurance Company,* 216 S. C. 309, 57 S. E. (2d) 638 [116 A. L. R. (2d) 1261], is applicable and is herewith quoted:

" 'However, perplexity attending the determination of the question and amount of damages rarely, if ever, defeats a cause of action. In such cases courts ordinarily depend upon the wisdom and fairness of the good men and true who compose the jury and here they appear to have reached a just and reasonable verdict. 15 Am. Jur. 414 *et seq.,* Damages, sec. 23; *Hampton v. Supreme Lodge,* 161 S. C. 540, 159 S. E. 923, 925.' From the opinion in the latter the follow-

ing is quoted: 'There are cases * * * in which the question of an intentional wrong is involved. In such cases, the degree of proof necessary is much relaxed in favor of the injured party. Where the wrongdoer creates the situation that makes proof of the exact amount of damages difficult, he must realize that in such cases "juries are allowed to act upon probable and inferential as well as direct and positive proof." ' *Wood v. Pender-Doxey Grocery Co.,* 151 Va. 706, 144 S. E. 635, 638. See, also, *Chesapeake & Potomac Tel. Co. v. Carless,* 127 Va. 5, 102 S. E. 569, 23 A. L. R. 943."

We are in accord with the action of the trial judge except in one respect: we think the verdict for $2,-500.00, actual damages, should be reduced by deducting therefrom the sum of $219.25. This latter amount was realized by the respondent from the sale of goods which had been delivered to him by appellant and sold by the respondent before the institution of the replevin action. This money admittedly, in accordance with the testimony of respondent, belongs to appellant.

The Supreme Court may affirm *nisi,* where damages improperly allowed can be segregated. *Black v. Jefferson Standard Life Ins. Co.,* 171 S. C. 123, 171 S. E. 617; *Crosby v. Metropolitan Life Ins. Co.,* 167 S. C. 255, 166 S. E. 266.

It is, therefore, the judgment of this court that, unless the respondent remit upon the record, within ten days after the filing of the remittitur herein with the Clerk of Court for Greenwood County, the sum of $219.25, the judgment of the lower court be reversed and a new trial granted; but that if he so remit the sum of $219.25, the judgment is affirmed for $2,280.75. And it is so ordered.

STUKES, TAYLOR and OXNER, JJ., concur.

G. BADGER BAKER, Acting Associate Justice, not participating.