16728

WORLEY v. GREENWOOD MFG. CO.
(75 S. E. (2d) 298)

*Messrs. Charles & Charles,* of Greenwood, *for Appellant,*

*Messrs. J. Perrin Anderson* and *W. H. Nicholson,* of Greenwood, *for Respondent,*

March 25, 1953.

PER CURIAM.

For a full, understanding of this case reference should be had to *Greenwood Manufacturing Co. v. Worley,* 222 S. C. 156, 71 S. E. (2d) 889. The defendant in that action, who is the plaintiff in this, there recovered a substantial money judgment on counterclaim against the present defendant which included, as reference to the citation will show, expenses of the renovation and equipment of a store building, cost of merchandise purchased from others, the value of the personal time and services of himself and his wife, and possibly other elements of damage.

Before trial of the action in which the judgment was recovered on the counterclaim, the present suit was commenced. The complaint is mostly repetition of the allegations which were contained in the counterclaim in the first action with the additional allegation of an altercation between an agent of the Manufacturing Company and the present plaintiff which amounted to a personal assault upon plaintiff, although it is not clear that plaintiff intended to state such a cause of action and it is not discussed in the briefs on appeal. There will be later advertence herein to this additional claim whereby any cause of action arising therefrom will be saved unprejudiced to plaintiff, if he should elect to assert it alone in another action.

Before trial of the first action demurrer was interposed to the complaint in the action in hand upon the ground of the pendency of the first action and it was stipulated by counsel

that the defenses of *res judicata* and election of remedies should be considered as if they were properly presented on demurrer. After verdict favorable to the defendant in the first action (now plaintiff) and after disposition of motion for new trial, the court heard arguments upon the demurrer and the stipulated defenses to this action. The demurrer was sustained upon the several grounds that the instant plaintiff had elected (and successfully pursued) the remedy of counterclaim in the first action, could not split his cause of action and that the controversy would be *res judicata* upon finality of the judgment upon the counterclaim in the first action. There was cited the famous expression of Chief Justice Shaw in *O'Connor v. Varney*, 10 Gray, Mass., 231, that a cause of action cannot be used first as a shield and thereafter as a sword. Also cited were our leading cases of *Greenwood Drug Co. v. Bromonia Co.*, 81 S. C. 516, 62 S. E. 840, and *Mitchell v. Federal Intermediate Credit Bank*, 165 S. C. 457, 164 S. E. 136, 83 A. L. R. 629; and other authorities.

The result of the judgment under review is so obviously just and proper that examination of the various grounds of it in order to determine which, or whether more than one, of them is more appropriate of application than another, is unnecessary. The established practice is to affirm a judgment on appeal upon any sufficient ground therefor which appears in the record. Section 8 of Rule 4 of this Court. The exceptions therefore need not be considered separately. All of them have received careful attention and are overruled.

Mention is made above of allegations of facts in the complaint which did not appear in the counterclaim, apparently amounting to a personal assault upon the plaintiff by an agent of the defendant; concerning which the following was said in the judgment of the circuit court: "In addition to the recited allegations of the complaint, there is other matter therein descriptive of the conduct of the defendant, which does not have, however, an essential bearing upon the question under consideration." Whatever cause of action, if

any, which the plaintiff has on account of the alleged personal assault is not affected by the judgment.

Affirmed.