### PATTON et al. v. UNITED MINE WORK-ERS OF AMERICA et al.

### Civ. No. 334.

United States District Court, W. D. Virginia.
Abingdon Division.

Sept. 3, 1953.

Greear, Bowen, Mullins & Winston, Norton, Va., for plaintiffs.

Stuart B. Campbell, Wytheville, Va., Henry Bandy, Jr., Norton, Va., Joseph Cridlin, Jonesville, Va., and Harrison Combs, United Mine Workers Bldg., Washington, D. C., for defendants.

BARKSDALE, District Judge.

Plaintiffs, a partnership, doing business as Laurel Branch Coal Company, on and prior to April 14, 1950, were engaged in mining coal in Russell County, Virginia, on the property of, and under a lease from or contractual agreement with, Clinchfield Coal Corporation. Alleging that defendants, the United Mine Workers of America, and the United Mine Workers of America, District 28, a subordinate part thereof, induced, directed and encouraged the employees of Clinchfield, about 2,000 in num-

ber, members of defendant union, to strike and refuse to work in the mines of Clinchfield in order to force or require Clinchfield to cease doing business with plaintiffs, cancel plaintiffs' lease, and to cease buying coal from plaintiffs unless Clinchfield forced the plaintiffs' employees to become members of defendant union, and that as a result of this strike, Clinchfield was forced to and did cancel plaintiffs' lease and ceased doing business with plaintiffs, thereby destroying plaintiffs' business, plaintiffs instituted this action against defendants to recover actual damages in the sum of $150,000 and punitive damages in the sum of $150,000. Plaintiffs alleged that this court had jurisdiction under the provisions of the Labor Management Relations Act (popularly known as the Taft-Hartley Act), 29 U.S.C.A. § 141 et seq., and under the general provisions of 28 U.S.C.A., §§ 1331 and 1337. A trial was had to a jury, which on July 29, 1953, resulted in a verdict for the plaintiffs, awarding $150,000 for actual damages and $75,000 for punitive damages, and judgment thereon was duly entered. Defendants have filed their timely motion to set aside the verdict upon numerous grounds set out in said motion. All, or practically all, of the questions raised by defendants' motion, except the question of whether or not an award for punitive damages was proper, were fully considered and passed upon during the course of the trial, and will not be further considered here.

As to the question of the propriety of awarding punitive damages, defendants contend that the Taft-Hartley Act has fully occupied the field of unfair labor practices, that this action was expressly brought under the provisions of that Act, and as that Act, 29 U.S.C.A. § 187(b), provides that,

> "Whoever shall be injured in his business or property by reason [of] any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the

damages by him sustained and the cost of the suit",

plaintiffs' recovery in any event should have been limited to actual damages sustained. While it is quite true that that section of the Act quoted above does not expressly provide for recovery of punitive damages, it is also true that the section does not expressly inhibit the recovery of punitive damages.

Defendants point out that, in copyright cases, patent cases and anti-trust cases, the applicable statutes provide for treble damages by way of punishment, and contend that, inasmuch as Taft-Hartley has no provision for treble damages, it must have been the intent of Congress that damages recoverable under Taft-Hartley should be limited to actual damages sustained. I do not think that this is a necessary conclusion. Besides, it would seem that the copyright, patent and anti-trust statutes themselves create the very causes of action, and the extent of the recovery must, of necessity, be governed by the statute.

Defendants also cite Pennsylvania Railroad Co. v. International Coal Mining Co., 230 U.S. 184, 185, 33 S.Ct. 893, 899, 57 L. Ed. 1446, as authority for the proposition that punitive damages may not be recovered in an action under 49 U.S.C.A. § 8, the Interstate Commerce Act, which provides in part that a "common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of" violations of the provisions of the Interstate Commerce Act. In that case, the violation charged was that of rebating. I do not agree with defendants' counsel as to the effect of the decision in this case. It seems to me that the decision goes no further than to hold that the burden was on the plaintiff to prove "both the fact and the amount of the damage" sustained, and inasmuch as plaintiff had failed to bear this burden, it could not recover.

■ I am of the opinion that the jury's award of punitive damages in this case was proper, and that defendants' motion to set aside the verdict should be overruled. While it is true that the Taft-Hartley Act

does not provide for an award of punitive damages, the determinative consideration here seems to me to be that the evidence of the plaintiffs in this case was amply sufficient to establish the common law tort of interference with a contract or the unauthorized destruction of plaintiffs' business. I do not suppose that the modern term "secondary boycott" was known to the common law. However, the plaintiffs' evidence fully justified the jury in finding that defendants wilfully and wantonly interfered with the contractual relationship existing between the plaintiffs and Clinchfield to the extent of destroying the plaintiffs' business. Such conduct constitutes a cause of action at common law justifying an award of punitive damages.

In Sorenson v. Chevrolet Motor Co., 171 Minn. 260, 214 N.W. 754, 84 A.L.R. 35, it was held that when a person has knowledge of the contract rights of another, his wrongful inducement of a breach thereof is a wilful destruction of the property of another and cannot be justified as legitimate competition. The court said 84 A.L.R. 39:

"The intentional procurement of a breach of an existing contract, without just cause or excuse, makes him who causes the breach, liable for resulting damages, and this is so even though he promoted his legitimate interests. When one has knowledge of the contract rights of another, his wrongful inducement of a breach thereof is a wilful destruction of the property of another and cannot be justified by the theory that it enhances and advances the business interests of the wrongdoer."

Following the Sorenson case, there is an extensive annotation on the subject of the tort of interfering with contract rights, beginning 84 A.L.R. 43, and at page 97 of the annotation there is the following statement:

"When the circumstances are of an aggravating character, exemplary damages may be awarded.",
citing a number of cases.

In Heath v. American Book Co., C.C.W. Va., 97 F. 533, it is held that one having a contract with a state, made pursuant to law, to supply, for a term of years, all of certain textbooks for use in the public schools of the state, may maintain an action for damages against a third person, who, with knowledge of the facts, induces the school book boards to breach their contract and purchase books from him.

See also West Virginia Transportation Co. v. Standard Oil Co., 50 W.Va. 611, 40 S.E. 591, at page 597, 56 L.R.A. 804, wherein the court said:

"I understand the law to be as follows: One may without liability induce the customers of another to withdraw their custom from him, in the race of competition, in order that the former may himself get the custom, there being no contract; and it is no matter that such person is injured, and it is no matter that the other party was moved by express intent to injure him; motive being immaterial where the act is not unlawful. But where the act is not done under the right of competition, or under the cover of friendly, neighborly counsel, but wantonly or maliciously, with intent to injure another, it is actionable, if loss ensue. Nor is it material in the latter case that there was no binding contract between the business man and his customers. *He cannot interfere, even for his own benefit, if there is a contract. * * *"* (Italics mine.)

In Certain-teed Products Corp. v. Wallinger, 4 Cir., 89 F.2d 427, at page 436, which was a case removed from one of the Virginia state courts, the court said:

"Moreover, it is settled law that one who without justifiable cause induces a person to break a contract with another is liable to the latter for the damages caused by the breach."

See also 30 Am.Jur. 70, et seq.

■ The Virginia case of Anchor Co. v. Adams, 139 Va. 388, 124 S.E. 438, while not strictly in point because the tort proven was not interference with a contract, but the tortious destruction of a business, leaves me in no doubt that the Virginia law is the same as the law generally, that

aggravated unjustified interference with contractual rights, in reckless disregard of the rights of the contracting parties, justifies exemplary or punitive damages. In this case, the court said, 189 Va. at page 392, 124 S.E. at page 439,

"That the willful and unauthorized destruction of one's business is ground for the imposition of punitive damages on the wrongdoer has been settled in this state ever since the decision of Peshine v. Shepperson, supra, [17 Grat., Va., 472]. The undisputed facts is this case justify the imposition of such damages. The defendant, in disregard of its contract, made it impossible for its tenants to continue their business. So far as this record discloses, its action was without justification or excuse. No palliation of its conduct is suggested. Those responsible therefor were apparently either ignorant of the plaintiffs' rights or else contemptuous of them. If contemptuous, they apparently took a chance, relying upon their ability to convince a jury that the business was of small value. When such a chance is taken, the loser must expect the sanctity of contracts to be vindicated, and all doubts to be resolved in favor of the plaintiff who suffers such a wrong."

See also 25 C.J.S., Damages, § 123, p. 720 et seq.

It may be that this court has jurisdiction of this action purely by reason of the Taft-Hartley Act, although possibly this court may have jurisdiction under the general provisions of 28 U.S.C.A. §§ 1331 or 1337. However, I do not think it necessary for the determination of the question here presented, to determine how this court obtained jurisdiction. Suffice it to say that this court did have jurisdiction, and it is my conclusion that, since plaintiffs' evidence was clearly sufficient to establish the wilful and wanton common law tort of interference with contractual relations and destruction of plaintiffs' business, the award of punitive damages was thoroughly justified.

As previously indicated, I do not think that the other grounds set out in defendants' motion to set aside the verdict are well taken; and for the reasons herein stated I also conclude that defendants' motion to set aside that part of the verdict awarding punitive damages, is not well grounded, and the motion to set aside the verdict will be overruled.