## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Joseph Klein & Co., Inc., etc.

v.

C. & P. Telephone Co. of Va. et al.

### August 8, 1968

### Case No. (Law) 676

### By JUDGE EDWARD L. RYAN, JR.

Subject matter comes before the court on the demurrer of The Reuben H. Donnelly Telephone Directory Company, the prime ground therefor being that said defendant "acted as agent for and on behalf of its disclosed principal, The Chesapeake and Potomac Telephone Company of Virginia, in regard to the contract alleged by the plaintiff" and that any recovery should be against the disclosed principal solely.

In support of the demurrer Donnelly argues that plaintiff's action sounds "purely in contract" and cites to the court *Lambert v. Phillips*, 109 Va 632, 635 (1909), which holds that in a *contract* action where an agency relationship exists only the principal, if disclosed, can be held liable for a breach of the contract (Donnelly concedes that this rule would not apply in a negligence action).

In opposition to the demurrer plaintiff argues that its action sounds "purely in tort" and cites to the court *Ches. & Pot. Tel. Co. v. Carless*, 127 Va. 5 (1920), in which it is said that "This is an action in tort. . . to recover damages for injuries occasioned. . . by a wrongful suspension of telephone service." Plaintiff argues further that *Carless* and the instant case are similar in essence, i.e., failure of a public service corporation to perform its *duty* to render a service required by law and its avowed undertakings to the public at large.

A general statement of the law may be found in 52 Am. Jur., *Telegraphs and Telephones*, § 95, where it is said that "It is the *duty* of the telephone company to furnish subscribers with all reasonable facilities required for the efficient operation of its telephone service, including a correct listing. . . in the alphabetical directories issued by it. . . . If the company, *in breach of its duty*, fails to list a subscriber's name or number (in the absence of a limitation of liability). . . (it may) be held liable for damages occasioned to the subscriber by the *neglect* to perform the *duty* imposed upon it." (Under some circumstances it is further noted that punitive damages may be recovered.)

A further general statement of the law may be found in 92 ALR 2d 917, 921, as follows:

> Recovery in cases of omission or errors in telephone directories has been based on breach of contract, negligent breach of contract, ordinary negligence, and the like. . . .

From a reading of plaintiff's motion for judgment the court concludes that the action is bottomed basically on alleged negligence of the defendants. An order overruling the Donnelly demurrer may be presented for entry.