## Richmond.

PETER WRIGHT v. C. W. COFIELD.

February 25, 1926.

LIBEL AND SLANDER—*Insulting Words—Excessive Damages—Case at Bar.*—
The instant case was an action for insulting words. The jury found
for the plaintiff and assessed his damages at $1.00 and as punitive
damages the additional sum of $999.00. The Judge set aside this
verdict as excessive. The insulting words used by defendant were:
"I would like to slap such cattle as you in the face," and "my address
is the Southland Hotel and you and your whole damn family can
come down there and find me."

*Held:* That the trial court erred in setting aside the verdict.

Error to a judgment of the Circuit Court of city of
Norfolk, in a proceeding by motion for a judgment for
damages. Judgment for defendant. Plaintiff assigns
error.

*Reversed.*

The opinion states the case.

*Jas. G. Martin & Bro.*, and *J. Carlton Hudson*, for
the plaintiff in error.

No appearance or brief for defendant.

McLEMORE, J., delivered the opinion of the court.

Peter Wright, the plaintiff both here and in the
court below, brought his motion against the defendant,
C. W. Cofield, returnable on the 30th day of June,
1923, in which motion he gave the defendant notice
that he would, on the said 30th day of June, ask the

court for a judgment for $1,000.00 damages on account of insulting words spoken by the defendant to the plaintiff on June 10, 1923.   Said motion is as follows:

"To C. W. Cofield,
    "*Room 14, Southland Hotel.*

"Take notice, that the undersigned plaintiff, Peter Wright, will, on the 30th day of June, 1923, move the Circuit Court of the city of Norfolk, Virginia, for a judgment against you, defendant, in favor of the plaintiff for $1,000.00 damages, for this, to-wit:

"That heretofore, to-wit, on the 10th day of June, 1923, in the city of Norfolk, Virginia, in the presence and hearing of plaintiff and of other persons, defendant maliciously spoke and published of and concerning plaintiff the following false, scandalous, malicious, defamatory and insulting words, which from their usual construction and common acceptation are construed as insults and tend to violence and breach of the peace, to-wit:

" 'I (meaning defendant) would like to slap such cattle as you (meaning plaintiff) in the face,' and 'my address is the Southland Hotel, and you and your whole *damn* family can come down there any time you want to and find me.'

"To the damage of plaintiff $1,000.00."

On January 18, 1924, the case was tried before a jury, who returned a verdict in these words:   "We the jury find for the plaintiff, as damages, the sum of one dollar, and as punitive damages the additional sum of nine hundred and ninety-nine dollars."   And in response to a motion by the defendant's counsel to set the verdict aside because contrary to the law and the evidence, and because the damages are excessive, the judge, on June 3, 1924, sustained the defendant's motion and entered the following order:

"This day came again the parties by their attorneys, and thereupon, the court having maturely considered the defendant's motion to set aside the verdict herein and grant a new trial, doth sustain the said motion, to which ruling the plaintiff excepted. Whereupon it is considered by the court that the verdict heretofore rendered herein be set aside, and new trial be had herein; and the further hearing is continued."

There was a second trial of the case, in which a verdict for $300.00 was returned by the jury and was sustained, a different judge presiding, but with the proceedings in the second trial we are not concerned.

The sole question before this court is whether or not the learned judge presiding in the lower court in the place of the regular judge of said court was justified in setting aside the verdict of the jury in this case.

The facts are practically without conflict, and the language attributed to the defendant in the notice of motion was established by abundant proof, indeed was not denied. That those statements are of a character considered by gentlemen as insulting, and as tending to violence and breach of the peace we have no difficulty in affirming. The attitude of this defendant was gratuitous, officious and offensive, and the fact that two juries have by their verdicts so declared, is a fair indication of the construction placed by disinterested intelligent men upon his language and behavior on the occasion in question.

Was the verdict excessive in awarding $999.00 as punitive damages?

We find nothing in the record from which it may be inferred that the jury were misdirected by the court; were moved by improper motives, or disregarded the instructions given for their guidance; on the other

hand they seemed to have been fully advised as to their duties, and discharged the same in a manner that meets with the entire approval of this court.

To prevent the use of language by one towards another likely to bring about a personal encounter, is the purpose of the statute, and the law permits recovery against an offender primarily as compensation for damages actually sustained, and, secondarily, as "smart money," or punitive damages, by means of which he may in the future be deterred, and others, of like inclination, warned of the consequences to be expected should they also become offenders. *Hines* v. *Gravins,* 136 Va. 313, 118 S. E. 114, 112 S. E. 869.

Judgments for insulting words have been sustained in Virginia in a number of cases, notably in *Boyd* v. *Boyd,* 116 Va. 326, 32 S. E. 110, Ann. Cas. 1916D, 1173, where a verdict of $3,000 was upheld, and in *Ramsay* v. *Harrison,* 119 Va. 682, 89 S. E. 977, wherein the court approved a verdict for $2,500.

In the *Boyd Case* the court said: "This was an action for insulting words. In such cases there is no rule of law fixing the measure of damages, nor can it be reached by any process of computation." Again, in the same opinion, speaking of the amount of the damages: "* * that was a question especially for the jury," and that "the jury is regarded as the best and safest tribunal to determine not only the character of the alleged insulting words, but also the measure of damages."

We are of the opinion that the trial court erred in setting aside the verdict of the jury rendered on the first trial of the case, and its action in so doing will be reversed, and a judgment entered here in favor of the plaintiff in accordance with the verdict of the jury, with costs.

*Reversed.*