# Wytheville

D. A. WEATHERFORD v. BROWNLEY M. BIRCHETT.

June 16, 1932.

Present, All the Justices.

The opinion states the case.

*Emanuel Emroch, Kirsh & Bazile* and *Martin A. Hutchinson,* for the plaintiff in error.

*J. M. Turner* and *L. O. Wendenburg,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

The evidence in this case establishes the following facts: That the defendant on three or more occasions falsely stated that the plaintiff had stolen his aeroplane; that the defendant attempted to collect from the plaintiff $1,000.00 or more, which he claimed was due him for damage to the plane incurred while in the plaintiff's possession, and when the plaintiff refused to pay this sum, he, without legal justification, caused the plaintiff to be arrested on the charge of grand larceny, which charge was dismissed on the preliminary examination before the trial justice in Chesterfield county.

This action for slander, insulting words and malicious

prosecution followed, resulting in a verdict for $2,000.00. which was approved by the trial court.

The only legal question involved is: Is the verdict excessive in view of the uncontradicted evidence of the plaintiff's bad reputation?

The plaintiff introduced no proof of compensatory damages sustained by him. The jury were instructed that if they believed that the defendant was actuated by malice in fact in uttering the insulting words and instituting the criminal proceedings, they might, in addition to compensatory damages, assess punitive damages against the defendant.

The defendant contends that before exemplary damage may be allowed, compensatory damages must be proven. There are numerous decisions from other jurisdictions so holding. See *Gilham* v. *Devereaux*, 67 Mont. 75, 214 Pac. 606, 33 A. L. R. 381. A note to this case in 33 A. L. R. 385 states that unless controlled by some statute the above principle is the rule in the majority of the States, citing numerous cases in support of the statement.

■ It is settled in this State that in actions under Code, section 5781, damages are presumed from proof of the utterance of insulting words made actionable by the statute, and in order to recover it is not necessary to prove actual or pecuniary loss. *Boyd* v. *Boyd*, 116 Va. 326, 82 S. E. 110, 111, Ann. Cas. 1916D, 1173; *W. T. Grant Co.* v. *Owens*, 149 Va. 906, 141 S. E. 860. See, also, *Jordan* v. *Melville Shoe Corp.*, 150 Va. 101, 142 S. E. 387.

■ The contention is also made that the evidence fails to establish malice in fact, and for that reason the jury were not warranted in assessing punitive damages. In the first place, the defendant made no objection to the instruction submitting this question to the jury; and in the second place, the plaintiff's evidence was sufficient to support the finding of malice in fact, or a reckless disregard of the plaintiff's rights.

 It appears that on several occasions the plaintiff, with the knowledge and consent of the defendant, had used the plane for the purpose of carrying passengers for hire on short flights, the net receipts being divided equally between the parties; that the defendant had agreed that the plaintiff on July 4, 1930, should take the plane to Trice's Lake in Cumberland county and with the assistance of one Mosby West engage in the same enterprise, the proceeds to be divided on a percentage basis between the three; that pursuant to this agreement, the plaintiff arrived at Trice's Lake on the day named, but in attempting to land, the plane struck a tree, was badly damaged, and a passenger, Miss Costello, was injured. Several hours later, the defendant appeared on the scene and threatened to arrest the plaintiff for stealing the plane, but on his promise to have it repaired no criminal charges were then lodged against him. The defendant went from Trice's Lake to Columbia, a distance of about ten miles, and induced Miss Costello, who had been carried there for medical attention, to sign a paper releasing him from all liability for damages sustained by her as a passenger. He also told her that she had been riding in a stolen plane. The defendant returned to Richmond and sought the brother of the plaintiff, whom he requested to pay $2,000.00, the amount he then claimed to be necessary to repair the plane. When the brother declined to assume any liability, the defendant stated that he would have to have the plaintiff "arrested for stealing the ship."

Negotiations, or discussions, for settlement of repairs to the plane were continued between the defendant and the plaintiff until August 2nd, when the plaintiff definitely refused to sign twenty notes for $50.00 each, payable to the defendant, in settlement for these repairs. Upon this refusal the defendant stated to the plaintiff: "I am going back to the beginning, you stole the ship and if you don't

sign the notes I will have you arrested for stealing the same."

In execution of this threat, the defendant, on August 4th, swore out a warrant charging the plaintiff with stealing the plane and before the hearing again stated that if the plaintiff would pay him for repairs he would withdraw the charge. This was not done, and, as previously stated, on the preliminary hearing the criminal charge against the plaintiff was dismissed.

The defendant did not contradict any of the above evidence, but contends that he did not agree that the plaintiff should take the plane to Trice's Lake on July 4th and that he had caused it to be locked and the key removed from the ignition switch. He further stated that he had sent a message to the plaintiff denying him the use of the plane upon this occasion, but was unable to prove that the plaintiff received the message.

■ If we accept the defendant's evidence as true, it only establishes the fact that the plaintiff used the plane without the owner's consent, and is not sufficient to justify a reasonable belief that the plaintiff intended to permanently deprive the defendant of his property; but the decided weight of the evidence and the action of the defendant in obtaining a release from Miss Costello tend to prove that he had agreed that the plaintiff should operate the machine on the day in question.

Without going further into details, suffice it to say that the evidence warranted the jury in finding malice in fact, or that the defendant recklessly disregarded the rights of the plaintiff to such an extent that punitive damages were allowable, and this question was properly submitted to the jury.

■ The evidence entitles the plaintiff to recover both compensatory and punitive damages. Compensatory damages are those allowed as a recompense for the injury actu-

ally received, and include compensation for insult, pain, humiliation, mental suffering, injury to the reputation, and the like. There is no rule of law fixing the *quantum* of such damage, nor can it be reached by any process of computation. The man of unblemished reputation is entitled to greater damage than is one whose reputation is already so bad as to receive little or no detriment from the action of which complaint is made. *Lincoln* v. *Chrisman*, 10 Leigh (37 Va.) 338. The purpose of admitting evidence of bad reputation is to diminish the damage, not to bar the action.

■ Injury to the reputation is not the only element for which compensatory damages are allowed, but the pain, the mortification, the insult is usually in proportion to a person's good or bad reputation. The plaintiff here submitted the *quantum* of his damage to the jury on a presumption of law. The defendant, in mitigation of the *quantum* of damage, proved that the plaintiff was a man whose reputation was bad. We have no standard of measure by which to ascertain how much this evidence for the defendant reduces the amount of recovery, and hence to a large extent this question is left to the sound discretion of a jury.

■ Exemplary damages are those given, not as a pecuniary compensation for the loss actually sustained by the plaintiff, but as a warning to the defendant and to others, to prevent a repetition, or commission, of similar wrongs.

■■ Such damage is not given the plaintiff as a matter of right. If the evidence establishes, or tends to establish, malice in fact, his right is to have the jury instructed that they, in their discretion, may assess the defendant with an additional sum, not so much to compensate the plaintiff, but to punish the defendant. In assessing this class of damages, evidence of the financial standing of the defendant may be considered by the jury. The jury were properly instructed on the various phases of the case.

In determining whether or not a verdict was excessive,

Judge Buchanan, in the case of *Boyd* v. *Boyd, supra,* said: "* * * the verdict of the jury will not be set aside unless it is so grossly excessive (or inadequate) as to indicate that the jury in rendering it were actuated by prejudice, passion, or corruption, or that they have been misled by some mistaken view of the merits of the case."

In *Hines* v. *Gravins,* 136 Va. 313, 112 S. E. 869, 871, 118 S. E. 114, it is held: "The design of the statute is to prevent breaches of the peace, to discourage offensive and excessive freedom in the use of that unruly member, the tongue, to inflict punishment therefor, and by subjecting those who are so hasty of temper and inconsiderate of the feelings of others as to insult them to such actual and punitive damages as may be awarded by a jury." See *Wright* v. *Cofield,* 146 Va. 637, 131 S. E. 787.

While the defendant's brief cites many cases from other jurisdictions dealing with the question, it cites none from this State in which a judgment under the statute was reversed because the verdict was excessive; not that the court is not clothed with the power to correct any manifest departure from right and justice on the part of the jury, but that in actions of this nature the jury is regarded as the best and safest tribunal to determine the measure of damage. While the verdict seems large, and is greater than we would have been willing to assess had we been on the jury, still when it is considered that the plaintiff was entitled to recover on each of the three counts in the notice of motion, and that each of them was supported by abundant proof, we cannot say that the jury was actuated by passion, prejudice, or a mistaken view of the case.

The judgment, therefore, is affirmed.

*Affirmed.*