March 9, 1953.

Record No. 4051.

Present, All the Justices.

The opinion states the case.

*Louis Lee Guy, Sacks and Sacks,* for plaintiff in error.

*James G. Martin and Sons, Steingold and Steingold,* for defendant in error.

HUDGINS, C. J., delivered the opinion of the court.

This writ of error brings under review a judgment for $3,000 that Lawton B. Jenkins, Jr., obtained against Bennie Zedd for alienating the affections of his wife, Marilyn G. Jenkins, and having criminal conversation with her.

The parties will be referred to as plaintiff and defendant, according to the positions occupied by them in the lower court.

There is little conflict in the testimony. Plaintiff and his wife were married on July 12, 1941, and at the time of trial, had two children, one nine and the other three years of age. Plaintiff's wife met defendant in the fall of 1948 and shortly thereafter began to have illicit relations with him. These relations continued from time to time until shortly before the institution of this action. She knew defendant was married and lived with his wife and two children. Defendant gave her two fur coats (he admitted giving her one) and various sums of money. In May, 1950, Mrs. Jenkins told her husband that she was in love with defendant, that he was going to get a divorce from his wife, and that she wanted a divorce from plaintiff so that she and defendant could marry each other. She left her husband, accepted a diamond engagement ring from defendant, and in July, 1950, instituted a suit for divorce, which was pending at the time of the trial. Defendant, on the stand, admitted having illicit relations with plaintiff's wife. Plaintiff did not take the stand in his own behalf, but relied upon the testimony of his wife to establish his case.

The record discloses that after the case was argued "the jury retired to consider its verdict, (returned to the courtroom) announced that they had reached a verdict and transmitted it through their foreman in the presence of the jury in open court, to the presiding judge, who after reading what they had written, which was in the following words and figures, to-wit:

'We, the Jury, find for Plaintiff in the amount of $3,-000.00 as punitive damages only. W. R. Carter, Jr., Foreman.'

* * * (and) without announcing the written verdict or exhibiting it to counsel for either plaintiff or defendant, advised the foreman of the jury that he thought it would be advisable to eliminate the last four words, and then, after advising counsel for plaintiff and defendant that they could see the verdict later, supervised

the act of the foreman, performed at the judge's desk and outside of the jury box, in drawing a line through the last four words of said verdict as written, cautioning the said foreman not to obliterate said words to such an extent that counsel could not read what was being stricken out, after which the foreman returned to the jury box, and without further consultation by the jury one with the other, the court inquired: 'Gentlemen, have you agreed upon a verdict,' to which the jury indicated in the affirmative, and thereafter the court announced the verdict as

'We the Jury, find for the Plaintiff in the amount of $3,000.00. W. R. Carter, Jr., Foreman.'

and asked the jury if it was their verdict as amended, to which they assented in which manner the verdict was accepted by the court and recorded.

"Thereupon the defendant, through counsel, although at that time not advised as to the original wording of the verdict or of the deletions therefrom, moved the court to set aside the verdict and grant him a new trial on the ground that the same was contrary to the law and evidence and argument on said motion was continued."

Subsequently, and after counsel for defendant had examined the original finding of the jury, he withdrew his motion to set aside the verdict and grant a new trial, and moved the court to set aside the verdict and enter final judgment for defendant. The motion was overruled and judgment entered on the verdict as amended.

Defendant contends that the original verdict, as written by the jury, was, in effect, a finding that plaintiff had sustained no actual damages, and that the trial judge should have amended the verdict to conform to this finding, and entered judgment thereon for him.

Plaintiff states his position thus: "What the trial judge did privately with the paper handed him, which was not read to the jury, nor assented to by them in court, nor heard by counsel, nor accepted by the court nor recorded, at the very most could have been an error for which a new trial might have been granted. It was never a verdict."

The general rule is that a plaintiff cannot maintain an action to recover mere punitive or exemplary damages, and that a finding of compensatory damages is a prerequisite to an award

of exemplary damages. *Wright* v. *Cofield,* 146 Va. 637, 131 S. E. 787; *Weatherford* v. *Birchett,* 158 Va. 741, 164 S. E. 535; *Gilham* v. *Devereaux,* 67 Mont. 75, 214 Pac. 606, 33 A.L.R. 381, Annotation 384; *Clark* v. *McClurg,* 215 Cal. 279, 9 Pac. 2d 505, 81 A. L. R. 908, Annotation 913; *Hitaffer* v. *Argonne Co.,* 87 App. D. C. 57, 183 F. 2d 811, 23 A. L. R. 2d 1366; *Toler* v. *Cassinelli,* 129 W. Va. 591, 41 S. E. 2d 672; *Worthy* v. *Knight,* 210 N. C. 498, 187 S. E. 771; 15 Am. Jur., Damages, secs. 270, 271, pp. 706, 707; 25 C.J.S., Damages, sec. 118, p. 713; 27 Am. Jur., Husband and Wife, sec. 546, p. 146. Compensatory damages are awarded as compensation for the pecuniary loss—as amends or recompense for the injury inflicted. Exemplary damages are something in addition to full compensation, and something not given as plaintiff's due, but for the protection of the public, as a punishment to defendant, and as a warning and example to deter him and others from committing like offenses.

These principles were embodied in plaintiff's Instruction No. P-2.* When the trial judge ascertained that the verdict as written and returned by the jury was contrary to these principles of law, he should have rejected it, told the jury that their finding was contrary to the instruction on damages, and instructed them more fully on the question of damages, both compensatory and punitive, and sent them back to their room for further deliberation.

It is the duty of a trial judge to correct formal mistakes in a verdict, but this power to correct is limited to mere matters of form, and does not include the right to change the substance of a jury's finding. The original finding of the jury was erroneous and no proper judgment could have been entered thereon for either plaintiff or defendant. The verdict, with the words "as punitive damages only" eliminated, was not the result of deliberate action of the jury, but was tantamount to the jury's arriving at a verdict in open court without discussion or deliberation. The action of the court in changing the verdict was reversible error and entitled defendant to a new trial.

---

* "The Court instructs the jury that if they find for the plaintiff, they should fix the damages at such amount as they believe from the evidence will be fair compensation for the wrong done him by the defendant; and furthermore, if the jury believe from the evidence that the defendant acted maliciously or with willful disregard of the rights of the plaintiff, the jury may add punitive damages, as a punishment to the defendant, and to deter the defendant and others from committing similar wrongs in the future."

 The original finding of the jury was not a verdict for defendant. It was a finding for plaintiff in express terms. It was illegal in that it contained an assessment of punitive damages without finding that plaintiff was entitled to any compensatory, or even nominal, damages. Evidently the jury misunderstood, or misconstrued the instruction on damages. As heretofore stated, there is little conflict in the testimony. It is sufficient to sustain a verdict awarding plaintiff a reasonable sum for actual damages for the violation of his marital rights. This being true, this Court cannot render a judgment for defendant. No one knows what amount of compensatory damages, if any, the jury would have awarded if it had fully understood the principles of law involved. Both litigants were entitled to have a fair and impartial jury pass upon the merits of the case, with a full understanding of the principles of law applicable, uninfluenced by the judge, or anyone else. Neither party has had his claim so passed upon. In order to give the parties such a trial, this Court ordinarily would reverse the judgment, set aside the verdict and remand the case. Code of 1950, sec. 8-493. Neither party, however, desires another trial. Defendant stated in his oral argument and his brief that if this Court should be of opinion that he was not entitled to a judgment on the merits, he desired the Court to treat the case as if he had waived all exceptions to the ruling of the trial court, and affirm the judgment. Therefore, on request of both litigants, we affirm the judgment of the trial court.

*Affirmed.*