**DURHAM et al.**

v.

**NEW AMSTERDAM CAS. CO.**

No. 6640.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 19, 1953.

Decided Nov. 10, 1953.

McC. G. Finnigan, Richmond, Va. (R. Houston Brett, Richmond, Va., on brief), for appellants.

G. Kenneth Miller, Richmond, Va. (John G. May, Jr., Richmond, Va., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and WILKIN, District Judge.

WILKIN, District Judge.

This is an appeal from a summary judgment dismissing the complaint. The appeal also questions certain rulings of the District Court on the pleadings. The order dismissing the case, however, is the controlling and all-absorbing issue.

In July, 1951 the appellants instituted this action in the District Court alleging fraud and deceit against the appellee, and that, as a result of such fraud and deceit, the plaintiffs had been deprived of their right of action against the defendant's insured for the wrongful death of Cherry Betty Durham, the daughter of one of the plaintiffs, Mary Garner Durham, and sister of the other plaintiff, Elizabeth Jones. The complaint prayed for compensatory damages in the sum of $15,-000.00, (the limit of legal liability and insurance) and for punitive damages in the sum of $15,000.00.

On September 1, 1950 Cherry Betty Durham was struck and killed by an automobile being operated by the appellee's insured, Edmond H. Ayers. The appellants, in the name of the administratrix of Cherry Betty Durham, instituted in the Hustings Court of the City of Richmond, an action against Edmond H. Ayers for wrongful death of their decedent. On September 7, 1950 judgment was entered for $1,050.00 and the court directed its distribution as follows: $245.00 to the mother, $245.00 to the sister and $560.00 to the undertaker for the funeral expenses of the decedent.

A few days thereafter the appellants, together with their counsel Mr. Brett, appeared before the Hustings Court and moved to set aside the judgment on the ground that it had been procured through fraud and deceit. On September 22, 1950 a hearing was had on the motion, and the Hustings Court entered an order vacating the judgment because "at the time the plaintiff appeared before the Court on September 7, 1950 without counsel and consented to the entry of the said judgment the said plaintiff was laboring under such distress resulting from the recent death of her daughter and the pressures incident to the coming burial of the said daughter as to deprive her of the volition necessary to consummate a valid consent to the judgment rendered in her favor" and ordered that the proceedings should revert to the pleading stage with leave to the parties to file additional pleadings. The court further ordered that the vacation of the judgment should be on condition that the plaintiffs on or before September 27, 1950 should deposit with the clerk the sum of

$1200.00 or bond with corporate surety in the penalty of $1500.00 "to indemnify and reimburse the defendant in the sum of $1,050.00 with interest from September 7, 1950 in event the defendant elects not to rely upon release or payment as a defense to the claim of the plaintiff." No further pleadings were filed in that action by the parties and no further action was taken in any state court.

The appellants then filed in the United States District Court their complaint against the appellee, alleging that the settlement of their claim against Ayers had been induced by the fraud, deceit and misrepresentations of appellee and its representative while acting as agents for their insured, Edmond H. Ayers. The appellee answered and set forth the proceedings in the Hustings Court as a complete bar to the action in the United States District Court. Appellants (under Fed.Rules Civ.Proc. Rule 12(f), 28 U.S.C.A.) moved to strike the essential allegations of the answer, and appellee (pursuant to Rule 56) moved for summary judgment on the pleadings.

The appellee assigned three reasons why its motion for summary judgment should be sustained:

"(1) The plaintiffs had not been damaged. The action of the Hustings Court of the City of Richmond, Part II, referred to in paragraphs 5 and 6 of the defendant's answer, returned the plaintiffs to the position they occupied prior to the alleged fraud. Under these circumstances, the plaintiffs have suffered no damages.

"(2) The plaintiffs had a choice of remedies, that is to proceed to have the judgment in the Hustings Court of the City of Richmond, Part II, set aside upon the grounds of fraud or proceed by way of separate suit for damages therefor. The plaintiffs have elected to proceed against the said judgment and thereby waived recourse by way of separate suit.

"(3) The plaintiffs cannot recover punitive damages when it is apparent upon the face of the pleadings in this case that the plaintiffs are not entitled to actual damages."

The District Court sustained the motion for all three reasons. The reasoning in the opinion is sound and the authorities cited are controlling.

■ The law is well settled that one who complains of fraud and deceit has the right either to rescind what was done as a result of the fraud and deceit, or to affirm what had been done and sue for damages caused by such fraud. He can choose either course, but he cannot choose both. The two are inconsistent. Robb v. Voss, 155 U.S. 13, 15 S.Ct. 4, 39 L.Ed. 52; United States v. Oregon Lumber Co., 260 U.S. 290, 43 S.Ct. 100, 67 L.Ed. 261; Sylvania Industrial Corporation v. Lilienfeld's Estate, 4 Cir., 132 F.2d 887; Intertype Corporation v. Pulver, D.C., 2 F.Supp. 4, affirmed, 5 Cir., 65 F.2d 419, certiorari denied, 290 U.S. 660, 54 S.Ct. 75, 78 L.Ed. 571.

■ When the appellants filed their motion in the Hustings Court for vacation of the judgment on the grounds of fraud and deceit, and pressed their motion to hearing, they made a definite election to rescind what had been done and proceed as if the fraud had not been carried into effect. When the court sustained their motion, they were free to press their claim for damages for the wrongful death of their decedent in the state court. With that case pending in the state court, their right to proceed in that case was clear. They could not then be permitted to institute suit in the United States District Court for damages for the loss of such right.

■ The appellants ask this Court to exonerate them from such rule of law regarding election because the condition imposed by the Hustings Court in its vacation order was impossible of performance by the appellants. They ask this Court to assume that it was impossible for them to deposit $1200.00 with the clerk or give bond for $1500.00 because they instituted their action in *forma pauperis*. If compliance with the

conditions was impossible, the appellants should have applied to the court for modification of the conditions. They did not do so, although the court had power to adjust the conditions to the circumstances of the parties. This court cannot assume that the order of vacation of judgment was a nullity because of impossibility of performance of the conditions which the court, in conformity to law, had imposed. This court must therefore conclude that the appellants are bound by their motion for vacation and rescission of the judgment. As the record now stands, the plaintiffs' action for damages for wrongful death was still pending in the state court, and therefore they could not begin an action in the District Court for the loss of the right to maintain such action.

 The appellee also sets up and argues in its brief the defense of *res judicata*. It says the issues raised by the case in the District Court have been determined by the Hustings Court in an action between the same parties or their privies. It contends that the appellants are trying to maintain two inconsistent theories regarding the proceedings in the Hustings Court. For the purpose of maintaining their action for fraud in the District Court they say they have not rescinded the settlement and the vacation order of the Hustings Court is inoperative because they have not performed the impossible conditions imposed by the order. If that contention were granted, then, in order to prove that they were damaged, appellants would be under the necessity of proving the essential elements of their claim for wrongful death —they would have to prove the negligence of the appellee's insured, which is denied, and refute the charge of contributory negligence of the decedent, which is alleged, and convince the jury that they are entitled to more damages than they were allowed by the Hustings Court. But the appellee contends that the issues of negligence and the amount of damages were determined in an action between the same parties or their privies in Hustings Court and are *res judicata*.

To this the appellants reply that the judgment of the Hustings Court has been vacated (which is inconsistent with their former contention) or that it will be vacated or held for naught by proof of fraud in the District Court (which is impossible under the law relied on by appellee.)

The contention of appellee on this last point is that a judgment can be set aside for fraud only where the court was prevented from considering the real subject matter of the suit, or where a party was prevented from presenting all of his case. The frauds which justify the annulling or avoidance of a judgment in an independent proceeding between the same parties or their privies are those which are extrinsic or collateral to the matter tried, and not frauds, such as perjured evidence, which were actually presented and considered. Appellee relies on United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 and Toledo Scale Company v. Computing Scale Company, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719, which are controlling in the case. But it is not necessary to consider issues and requirements of evidence in the action in District Court. The action in the Hustings Court was a complete bar to the action in the District Court.

 It is apparent that plaintiffs could not recover punitive damages if they could not maintain the action for compensatory damages. Punitive damages can be allowed only where compensatory damages have been awarded. Zedd v. Jenkins, 194 Va. 704, 74 S.E.2d 791.

 Hurried settlements of cases such as this, without advice of counsel, are not to be encouraged, as the Hustings Court recognized in its order for vacation of judgment. The appellants should have exhausted their remedies in the state courts, Hustings and appellate. United States District Courts have no supervisory or appellate jurisdiction over cases in state courts. Certain cases are removable by specified procedure, but otherwise the jurisdiction of state courts is exclusive—as in this case.

346

Since the appellants elected to rescind the settlement, they cannot now sustain an inconsistent action in the District Court. The judgment of the District Court, for the three reasons assigned, is

Affirmed.