Stuart W. NEWSOM, Appellant,

v.

W. Frank SMYTH, Jr., Superintendent of
the Virginia State Penitentiary,
Appellee.

No. 7747.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 3, 1958.

Decided Dec. 5, 1958.

**453**

H. B. Mutter, Baltimore, Md. (Walter E. Black, Jr., Baltimore, Md., on brief), court-appointed counsel, for appellant.

Stuart W. Newsom, pro se, on brief.

Thomas M. Miller, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

By a petition for a writ of habeas corpus, this state prisoner sought a hearing upon questions previously fully litigated in the state courts. He now undertakes an appeal to this Court without a certificate of probable cause. In accordance with our usual practice, we have examined the record and have considered the written and oral arguments of court-appointed counsel, but, finding no merit in the prisoner's contentions, the appeal will be dismissed for want of the certificate of probable cause. Presley v. Peppersack, 4 Cir., 227 F.2d 325; Parker v. Warden, Maryland Penitentiary, 4 Cir., 198 F.2d 72; Tyson v. Swenson, 4 Cir., 198 F.2d 308; Hanson v. Warden, Maryland Penitentiary, 4 Cir., 198 F.2d 470; Hobbs v. Swenson, 4 Cir., 199 F.2d 268; Harris v. Swenson, 4 Cir., 199 F.2d 269; Cumberland v. Warden, Maryland Penitentiary, 4 Cir., 227 F.2d 310.

The principal contentions arise out of the circumstances surrounding receipt of the verdict in the trial court. The defendant was tried upon an indictment for murder, and the jury brought in a verdict in the following form:

"The unanimous decision of the Jury is Life imprisonment.
R. H. Harvey—Foreman."

The trial judge refused to accept the verdict in that form, but rewrote the verdict in the following language:

"We the jury on the issues joined find the defendant guilty of murder in the first degree as charged in the indictment and fix his punishment at life imprisonment in the penitentiary."

The foreman of the jury signed the revised form of the verdict.

The prisoner contends that one of the jurors had absented himself at the time the irregular verdict was submitted and the revised form of the verdict was signed by the foreman of the jury. In support of his contention, he points to the final order which listed the names of only eleven jurors. Thereafter, however, a motion was filed in the original criminal proceeding to correct the record by adding the name of one Kendrick Duncan to the list of jurors. A hearing was had pursuant to an order to show cause, at which the defendant and his court-appointed counsel were both present. Testimony was taken and, thereafter, an order was entered "nunc pro tunc," as of the date of the original final order, adding the name of Duncan to the list of jurors and correcting what was found to have been an inadvertent omission in the preparation of the original order. There had been doubt under the laws of the State of Virginia of the power of a trial court of that State thus to correct inadvertent omissions in its records, but that doubt was removed by the decision of the Supreme Court of Appeals of Virginia in Council v. Commonwealth, 198 Va. 288, 94 S.E.2d 245. The inadvertent omission of the name of one juror in the final order, after correction, does not preclude the subsequent finding based upon abundant evidence, that all twelve jurors were in fact pres-

**454**

ent at all relevant times during the trial. Council v. Commonwealth, supra; C. C. Bradley v. W. Frank Smyth, Jr., 4 Cir., 255 F.2d 45.

Thereafter, upon petition for a writ of habeas corpus in the state court, a further hearing was held before another judge during which the prisoner was contending, among other things, that the twelfth juror was not present and that the revised form of the verdict was not affirmed by the jury as a whole. Again, the defendant was present in person and was represented by counsel. The state court found from the testimony that all twelve jurors were in fact present and together at all relevant times during the trial, and that all twelve affirmed as a group the revised form of verdict, an individual poll of the jurors having been specifically waived by the defendant's counsel.

■■■■ Under the laws of Virginia, the jury is required to fix the punishment of one convicted of a homicide within the limits prescribed by the statutes for the different offenses. Life imprisonment is permissible upon a conviction of murder in the first degree, but is not permissible for any lesser offense. It is plain, therefore, that the jury, instructed as to their duty to prescribe the punishment, intended to find the defendant guilty of murder in the first degree, a finding which appears to have been abundantly supported by the testimony. The change in the form of the verdict, therefore, was the correction of a formal omission and not a change in the substantive finding of the jury. Hobson v. Youell, 177 Va. 906, 15 S.E.2d 76; Zedd v. Jenkins, 194 Va. 704, 74 S.E.2d 791; In re Eckart, 166 U.S. 481, 17 S.Ct. 638, 41 L.Ed. 1085.

■■■ The two principal contentions having been fully considered after hearings in the state courts, the District Court was not required to grant the writ and hold a further hearing to re-determine the factual issues already resolved in the state court proceedings upon the basis of adequate records and testimony. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

■■■ The petitioner sought to raise in his petition in the District Court other points which do not clearly appear to have been raised by him in the state courts. He attacks the sufficiency of his personally selected counsel, who conducted his defense in the original trial, principally because his counsel failed to have the prisoner take the witness stand and did not specify the grounds of his motion to set aside the verdict. He also contends that he should have been granted additional time, after the verdict, in which to produce additional witnesses in his behalf, but he did not identify the prospective witnesses or suggest the nature of the testimony he hoped to obtain. Clearly these contentions are without merit. The prisoner had been charged with the murder of the husband of his paramour and the witnesses offered in his behalf had sought not to exculpate the defendant but to implicate the paramour as having some moral responsibility for the crime. Obviously, it cannot be said that counsel's determination, as a matter of trial tactics, not to put his client upon the witness stand, under these circumstances, converts the trial into a farce or a mockery of justice. Indeed, it may be the wise, or even the only prudent, course to take. Having had a full trial, the defendant clearly is not entitled to a retrial upon the basis of an unsupported statement that he would like additional time to produce unidentified witnesses whose possible testimony was not disclosed.

Since there appears to be no merit in the prisoner's contentions, the members of this Court decline to issue a certificate of probable cause and the appeal will be dismissed.

Appeal dismissed.