**Everett Joe STANFIELD, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 17603-3.**

United States District Court,
W. D. Missouri, W. D.

Oct. 6, 1969.

Everett Joe Stanfield, pro se.

Gene Voights, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for respondent.

## ORDER DENYING PETITION FOR HABEAS CORPUS.

### WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus to invalidate his state conviction for burglary and stealing under the habitual criminal act and requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis has been previously granted in the show cause order entered herein on August 18, 1969.

Petitioner states that, on his plea of guilty thereto, he was convicted in the Circuit Court of Cass County of "burglary and stealing under the habitual criminal act"; that he was sentenced on September 8, 1965, to a term of seven years' imprisonment for burglary and a term of three years' imprisonment for stealing; that he did not appeal from the judgment of conviction or imposition of sentence; that he filed a motion to vacate sentence in the state sentencing court under Missouri Criminal Rule 27.26 in December 1966; that said motion was denied by the state sentencing court; that petitioner appealed from the denial and the denial was affirmed by the Missouri Supreme Court (Stanfield v. State, Mo., 442 S.W.2d 521); and that he was represented by counsel at his arraignment and plea and sentencing as well as on the preparation, presentation and consideration of his 27.26 motion.

Petitioner states the following as grounds for his contention that he is being held in custody in violation of his federally protected rights:

"(a) Unlawful and illegal search of petitioner's residence without a search warrant, he was arrested two days after the search and seizure, and while in custody; denied constitutional right to contact family, friends, and employers.

"(b) Denied a preliminary hearing on the charges filed against him.

"(c) Denied effective assistance of counsel; and his plea of guilty was wholly involuntary and made after much abuse at the hands of the arresting officers."

Petitioner states as facts supporting his contentions that "the charge was filed under the Habitual Criminal Act and dismissed, then refiled but omitting the Habitual Criminal Act"; that "[m]uch is claimed about there being no warrant issued because petitioner allegedly authorized the Sheriff of Cass County to search his home"; that the "trial court found against petitioner on this point and the Supreme Court affirmed the trial court's findings * * * [b]ut these issues were all resolved on State grounds and cases"; that "Attorney Don Whitcraft was highly ineffective, he made no investigation of the illegal and unlawful search and seizure, even after he was informed of these issues he did nothing to have them omitted"; that petitioner did not have a preliminary hearing, the importance of which is allegedly pointed out in a ruling made by the Missouri Attorney General on June 23, 1963; that he did not waive his right to such hearing intelligently and knowingly; and that "had appointed counsel been effective he would have protected petitioner's right in that particular instant."

Respondent's response to the show cause order was filed on September 5, 1969. Respondent attached thereto the files and records and the transcripts of the original proceedings in which petitioner plead guilty as well as those of the 27.26 proceedings in the state trial court and the appeal thereof to the Missouri Supreme Court. From the files and records and the official report of the decision of the Missouri Supreme Court on the appeal of the 27.26 motion, it conclusively appears that petitioner presented the same contentions as are presented in the petition in this case to

the state courts and that remedies have therefore been exhausted with regard to those contentions. Petitioner's traverse to the response does not challenge the accuracy of the records or the report. Ordinarily, when a petitioner for federal habeas corpus has secured adverse decisions of the trial court on all contentions sought to be presented in this Court on a 27.26 motion in the state trial court after the holding of a plenary evidentiary hearing wherein current federal standards are applied and of the Missouri Supreme Court on appeal, state remedies have been exhausted with regard to those contentions if there is no additional substantial evidence to be offered. Section 2254, Title 28, U.S.C.; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837; Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F.2d 623; Hooper v. Nash (C.A.8) 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768; White v. Swenson (W.D.Mo. Court en banc) 261 F.Supp. 42; Russell v. Swenson (W.D. Mo.) 251 F.Supp. 196. Similarly, when the state court has held a plenary evidentiary hearing on the issues raised and reliably and specifically found the facts while applying current federal standards, the federal district court may properly defer to the state court's findings of facts, rather than conduct a new hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Noble v. Swenson (W.D.Mo.) 285 F.Supp. 385; Goodwin v. Swenson (W.D.Mo.) 287 F.Supp. 166. From the files, records and transcripts it appears that the state courts have reliably found the facts in the case at bar. A full hearing was held under the newer version of Missouri's Criminal Rule 27.26 V.A.M.R. (effective September 1, 1967), although the hearing began on August 1, 1967. The hearing also proceeded after the applicable federal standards had been enunciated in the trilogy of Fay v. Noia, *supra*, Townsend v. Sain, *supra*, and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, and the recognition of the applicability of those principles by the Missouri Supreme

Court in State v. Pickel, Mo., 376 S.W.2d 181, and State v. Herron, Mo., 376 S.W.2d 192.

■ Petitioner's first contention is that an unlawful, warrantless search of his residence, unconnected with his arrest, took place two days prior to his arrest. On this issue, the state trial court held a full hearing to include the testimony of petitioner, Sheriff William James and Deputy Sheriff John L. Welch. Sheriff James and Deputy Welch testified that petitioner freely gave them permission to search his residence because he "wanted" to tell them "where the stolen stuff was hidden at the time." Petitioner testified that he did not give his permission for such a search. The state trial court found that permission was given. The finding was supported by the testimony of Sheriff James and Deputy Welch. It is well established that an uncoerced search with consent is not a violation of any federally protected right. See, e. g. Chapman v. United States (C.A. 9) 346 F.2d 383, cert. den. 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161. From the record it appears that the fact of an uncoerced search with consent was reliably found.

■■ Petitioner next asserts that he was denied a preliminary hearing. The Missouri Supreme Court found as follows on that contention:

"The record indicates a waiver of preliminary hearing which appellant denies but, assuming he did not have or waive preliminary hearing, the irregularity, if any, was waived by entry of his voluntary plea of guilty." 442 S.W.2d at 525.

Further, the preliminary hearing has been held not to be a critical stage of the proceedings. Pope v. Swenson (C.A.8) 395 F.2d 321. When the proceeding is by indictment there is no preliminary hearing. The contention of the petitioner does not raise the issue of any violation of any federally protected right. The constitutional right to a preliminary hearing has not yet been recognized. Sciortino v. Zampano (C.A.2) 385 F.2d

132, cert. den. 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872. Further, a defendant waives any state right to a preliminary hearing by competently, intelligently, and voluntarily pleading guilty. Pearce v. Cox (C.A.9) 354 F.2d 884, cert. den. Charlton v. Cox, 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685.

Petitioner, however, next contends that he did not voluntarily enter a plea of guilty but entered a plea of guilty only after he was held in custody without being allowed to contact his family, friends or employers and after abuse at the hands of the arresting officers. In the 27.26 hearing in the state trial court, petitioner testified that he plead guilty because he had been told by his counsel that his wife would be jailed and his child would be taken from them if he did not do so; because he was struck by Deputy Welch; and because he was denied the use of a telephone and medical care. Officers James and Welch testified that no threats, force or intimidation were used and that petitioner had not been held incommunicado and denied medical care. Further, attorney Whitcraft, petitioner's counsel, testified that he knew nothing of any threats with respect to petitioner's wife and child. The transcript further reveals that the sentencing judge questioned petitioner extensively prior to accepting his plea of guilty and elicited the following information from petitioner: that he understood the nature of the proceeding; that the range of punishment was explained to petitioner; that such range was two to ten years' imprisonment on the burglary charge and two to five years' imprisonment on the stealing charge; that the petitioner knew the acts which he had committed were unlawful and was in his own judgment a guilty person. The finding that the plea was not involuntarily made was reliably made and thus in accord with current federal standards. Assuming that it is retroactive, the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, are met in this case by a sufficient showing on the record that the plea was voluntarily made. Cf. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, which is not retroactive to the date of the petitioner's conviction. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16.

Petitioner finally asserts that he was denied the effective assistance of counsel in that his counsel did nothing to counteract the purportedly illegal search of his residence; that he did not investigate it and did not make any motion to suppress the products thereof. Again, the state court received evidence fully on this issue and found that the petitioner's appointed counsel was of 20 years' experience, consulted petitioner some dozen times before the trial with regard to the preparation of the defense and was advised by petitioner that petitioner was going to plead guilty. This finding was supported by the testimony of the appointed counsel and reliably made. Thus, the representation provided petitioner was not so inadequate that such made the proceedings against him a mockery of justice, thus depriving him of constitutional rights. Root v. Cunningham (C.A. 4) 344 F.2d 1; Newsom v. Smyth (C.A. 4) 261 F.2d 452, cert. den. 359 U.S. 969, 79 S.Ct. 883, 3 L.Ed.2d 837; Anno. 74 A.L.R.2d 1390, 1403–4.

None of petitioner's contentions are meritorious. It is therefore

Ordered that the petition herein for habeas corpus be, and the same is hereby, denied.