**SPERRY RAND CORPORATION, a Delaware corporation, Appellee,**

v.

**A–T–O, INC. (formerly "Automatic Sprinkler Corporation of America") et al., Appellants.**

**No. 71–1053.**

United States Court of Appeals, Fourth Circuit.

April 11, 1972.

George S. Leonard, Washington, D. C. (Leonard, Clammer & Flues, Washington, D. C., Lloyd T. Smith, Jr., Tremblay, Colmer & Smith, Charlottesville, Va., on brief), for appellants.

John S. McGeeney, Stamford, Conn. (Francis J. McNamara, Jr., Ridgway M. Hall, Jr., Cummings & Lockwood, Stamford, Conn., and Lewis T. Booker, Hunton, Williams, Gay, Powell & Gibson, Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and RUSSELL, Circuit Judges.

## ON PETITION FOR REHEARING

PER CURIAM:

Sperry Rand and ECI have both filed petitions for rehearing. We required the petitions to be answered and, after consideration of the petitions and responses, we have concluded to deny them. We do so, however, without prejudice to Sperry Rand's right to present the facts and matters contained in its petition to the district court, if it be so advised, and without prejudice to the jurisdiction of the district court to grant supplementary relief, equitable or legal, for events transpiring after the evidence in main was closed, if entitlement to such relief be proved.

Succinctly stated, Sperry Rand asserts that after the evidence was closed, ECI obtained an award of another Coast Guard contract for the construction of radar by the use of misappropriated data. It asks us to reinstate the $175,000.00 item of damages we disallowed as duplicating; and, in any event, to permit the district court to eliminate any aspects of double recovery, after evidentiary hearing, rather than for us to fix final judgment on the present record. In answer ECI asserts, *inter alia*, that the district court specifically permitted it to perform the contract to which Sperry Rand refers, and that the district court's allowance of damages which we sustained included an allowance for spares orders which has not been exceeded by the additional contract in question.

■ Manifestly, this dispute is for the district court. The parties are in disagreement about facts and matters which are largely dehors the record before us. We decline to reinstate the item of damages that we disallowed or to permit the district court to consider it further. But we do free the parties to litigate questions arising after the trial record was closed, if they wish, and free the district court to grant additional relief if an appropriate case is proved.

ECI's petition for rehearing asks us to reconsider our affirmance, 4 Cir., 447 F.2d 1387, of the district court's allowance of punitive damages. Developing more fully an argument adverted to in its original brief and not previously discussed by us, ECI argues that under Virginia law, which is contended to govern, punitive damages should be allowed to punish a wrongdoer and as a deterrent to him and to others, but not as pecuniary compensation for the loss actually sustained by the plaintiff. Giant of Virginia v. Pigg, 207 Va. 679, 152 S.E. 2d 271 (1967); Wright v. Everett, 197 Va. 608, 90 S.E.2d 855 (1956); Zedd v. Jenkins, 194 Va. 704, 75 S.E.2d 791 (1953); Weatherford v. Birchett, 158 Va. 741, 164 S.E. 535 (1932); Hines v. Gravins, 136 Va. 313, 112 S.E. 869 (1922); Ramsey v. Harrison, 119 Va. 682, 89 S.E. 977 (1916); and Norfolk and W. R. Co. v. Anderson, 90 Va. 1, 17 S.E. 757 (1893), are cited in support of the contention. It is said, so the argument runs, that by referring to Stevens v. Abbott, Proctor and Paine, 288 F. Supp. 836 (E.D.Va.1968), as well as by the specific language of its opinion in the instant case, the district court made the allowance here for both punitive and deterrent purposes and to indemnify Sperry Rand for the loss it sustained— the latter an impermissible measure under the law of Virginia.

■ We do not question that Virginia law applies. And while ordinarily,

the Virginia cases, as is the majority view elsewhere, speak of the function of punitive damages as one of punishment to the wrongdoer for his wanton and malicious conduct and to deter him and others from repeating it, some of the Virginia cases do speak of compensation for loss sustained by the person wronged as a secondary purpose of the allowance of punitive damages. See, *e. g.*, Giant of Virginia v. Pigg, *supra*; Wright v. Everett, *supra*; Anchor Co. v. Adams, 139 Va. 388, 124 S.E. 438 (1924); Ramsey v. Harrison, *supra*; Peshine v. Shepperson, 58 Va. (17 Gratt) 472 (1867). We, therefore, cannot say that as a matter of law it is impermissible under Virginia law to assess punitive damages at least in part to compensate the person wronged for his pecuniary loss.

■ In any event, we think that, notwithstanding the language employed in the district court's opinion and its citation of *Stevens,* a fair reading of its opinion inevitably leads to the conclusion that the punitive damages assessed here were intended to punish the defendants rather than to compensate Sperry Rand. Each of Sperry Rand's actual losses was carefully considered and allowance therefor made. The fact that we have found certain allowances were duplicating and must be disallowed does not detract from the thoroughness with which the district court considered the problem. The blatant character of the defendants' misconduct was also considered by the district court with scrupulous care and full and complete findings made, 325 F.Supp. 1387, all of which were fully supported. We are thus convinced that punitive damages were assessed solely to punish defendants and to deter them and others from repetitious or like misconduct. As we have earlier decided, the items of punitive damages were not excessive.

Motion of ECI denied; motion of Sperry Rand denied without prejudice.