## CIRCUIT COURT OF WISE COUNTY

Ronald L. Delano

    v.

H. C. McDaries

February 3, 1989

Case No. L86-149

By JUDGE JAMES C. ROBERSON

The court has reviewed and considered the motion for judgment, jury verdict, motion to set aside verdict, argument of counsel and other relevant matters in this action at law and renders the following decision on the motion to set aside the verdict.

The plaintiff, Ronald L. Delano, filed a motion for judgment against the defendant, H. C. McDaries, on March 18, 1986, demanding judgment against the defendant in the amount of $12,000.00 in compensatory damages and $20,000.00 in punitive damages for injuries and damages allegedly sustained by the plaintiff as the result of an alleged assault and battery committed upon the plaintiff by the defendant.

A jury trial was held on September 24, 1987. The jury returned a verdict in favor of the plaintiff against the defendant for no compensatory damages and $20,000.00 punitive damages.

The defendant, by counsel, filed a motion on February 16, 1988, to set aside the verdict of the jury. The motion was argued by counsel on January 17, 1989. The verdict of the jury was as follows:

> We, the jury, on the issues joined, find in
> favor of the plaintiff, Ronald Delano, against

the defendant, H. C. McDaries, and assess his damages at $ -0- for compensatory damages and $20,000.00 for punitive damages.

/s/ *Bill Reynolds*
Foreperson

In the case of *Zedd v. Jenkins*, 194 Va. 704, 74 S.E.2d 791 (1953), the jury returned a verdict as follows (which the court amended by striking the last four words):

We, the jury find for the plaintiff in the amount of $3,000.00 as punitive damages only. W. R. Carter, Jr., Foreman.

The Supreme Court of Virginia in *Zedd* stated:

The general rule is that a plaintiff cannot maintain an action to recover mere punitive or exemplary damages, and that a finding of compensatory damages is a prerequisite to an award of exemplary damages. (Citations omitted.)

Compensatory damages are awarded as compensation for pecuniary loss, as amends or recompense for the injury inflicted. Exemplary damages are something in addition to full compensation and something not given as plaintiff's due, but for the protection of the public, as a punishment to defendant, and as a warning and example to deter him and others from committing like offenses. *Zedd v. Jenkins*, 194 Va. 704 at pages 706-707.

The court further stated at page 708 of the *Zedd* case:

The original finding of the jury was not a verdict for defendant. It was a finding for plaintiff in express terms. It was illegal in that it contained an assessment of punitive damages without finding that plaintiff was entitled to any compensatory or even nominal damages. Evidently the jury misunderstood, or misconstrued the instruction on damages. As heretofore stated, there is little conflict

in the testimony. It is sufficient to sustain a verdict awarding plaintiff a reasonable sum for actual damages . . . This being true, this court cannot render a judgment for defendant. No one knows what amount of compensatory damages, if any, the jury would have awarded if it had fully understood the principles of law involved. Both litigants were entitled to have a fair and impartial jury pass upon the merits of the case, with a full understanding of the principles of law applicable, uninfluenced by the judge, or anyone else. Neither party has had his claim so passed upon. In order to give the parties such a trial, this court ordinarily would reverse the judgment, set aside the verdict and remand the case.

The Supreme Court of Virginia reiterated its position on denying punitive damages in the absence of compensatory damage in *Valley Acceptance Corporation, et al. v. Glasby*, 230 Va. 422, 337 S.E.2d 291 (1985), when it stated at page 432:

In both appeals Valley complains of punitive damage awards against it. Valley submits that these awards were improper because no compensatory damages were awarded against Valley. Consequently, punitive damages could not be awarded. See *Zedd v. Jenkins*, 194 Va. 704, 74 S.E.2d 791 (1953). Therefore, we reverse the portions of the judgments which awarded punitive damages against Valley.

Since the jury improperly awarded punitive damages without awarding compensatory damages, the verdict of the jury must be set aside and a new trial granted to the parties on all issues.