## CIRCUIT COURT OF THE CITY OF RICHMOND

David A. Garraghty

v.

Stanley E. Squire Holcomb et al.

April 11, 2000

Case No. LF-2582-4

BY JUDGE RANDALL G. JOHNSON

This defamation case is before the court on defendants' motion in limine. Defendants seek a ruling that evidence of a previous defamation suit brought by plaintiff against a person not involved in this lawsuit and the award obtained by plaintiff in that other suit will be admissible as evidence at the trial of this case.

The motion for judgment alleges that defendants, or one of them, telephoned a radio talk/interview show and stated that plaintiff, as warden of the Greensville Correctional Center, said: "No Jew will work at the prison as long as I am here." In their motion in limine, defendants ask the court to rule that they may present evidence at trial to show that plaintiff previously brought a defamation action against Gloria B. Williams, who is not a party to this action. In that suit, Garraghty alleged that Williams had falsely accused him of sexual harassment while he was warden and Williams was personnel supervisor at the Nottoway Correctional Center. A jury returned a verdict in favor of Garraghty in the amount of $152,597 in compensatory damages and $125,000 in punitive damages. The trial court ordered a remittitur of $100,000 of the punitive damages, and judgment on the verdict, as modified by the remittitur, was affirmed on appeal. *See Williams v. Garraghty*, 249 Va. 224, 455 S.E.2d 209 (1995). It is defendants' position that since plaintiff will seek damages in the present lawsuit for injury to his reputation, evidence of the previous lawsuit is admissible to show that plaintiff's reputation had already

been significantly damaged by the actions of another. The court rejects defendants' argument.

> [I]t cannot be pretended or maintained by anyone, that "a person of disparaged fame is entitled to the same measure of damages with one whose character is unblemished."

*M'Nutt v. Young*, 35 Va. (8 Leigh) 542, 545 (1837) (*quoting* 2 Starkie's Evidence 369).

It is for that reason that evidence of a defamation plaintiff's bad reputation is admissible "to diminish the damage, not to bar the action." *Weatherford v. Birchett*, 158 Va. 741, 747, 164 S.E. 535 (1932). *See also Poulston v. Rock*, 251 Va. 254, 262, 467 S.E.2d 479 (1996); *Stubbs v. Cowden*, 179 Va. 190, 200, 18 S.E.2d 275 (1942). While the cited cases and others hold that evidence of a plaintiff's *general* bad reputation is admissible to mitigate damages, the court is unable to find any case holding that evidence of specific bad acts, other than bad acts directly related to the defamation at issue, can be shown. In fact, the rule is otherwise and has not changed since it was stated in *Dillard v. Collins*, 66 Va. (25 Gratt.) 343 (1874):

> It is true that it has been settled by this court that a defendant in an action of slander may, in mitigation of damages, when the pleas are not guilty and justification, offer evidence of the general bad character of the plaintiff with regard to the specific malice with which he is charged. But the enquiry as to his general bad character must be limited to that specific matter. It certainly would have been competent in this case, for the defendant to have offered evidence to prove the *general bad character of the plaintiff for honesty*, but all enquiries as to the "habits of his neighbors with reference to social intercourse with him," and the cause of that want of social intercourse, or whether "his reputation was such as to affect social intercourse between him and his neighbors" were properly rejected. The inquiry must be limited to his general bad character *for honesty*, the charge being that he was a thief.
>
> There remains to be noticed the seventh and eighth bills of exceptions, which may be disposed of in a few words. The questions ruled out by the court below, which form the grounds for these exceptions, were enquiries as to *common rumors* connecting the plaintiff with hog-stealing, and as to the conviction of the plaintiff and his sons with stealing a cow from the witness. Both of these

convictions were properly rejected by the court. Under the pleading in the cause these were not proper subjects of enquiry. The charge was, that the plaintiff was a horse-thief. It would have been no answer, under the plea of justification, to show that the plaintiff had stolen a hog or a cow, much less would it be competent to prove common rumors in the neighborhood that he had been guilty of either of these crimes.

66 Va. (25 Gratt.) at 359 (emphasis in original). *See also M'Alexander v. Harris*, 20 Va. (6 Munf.) 465, 468 (1820) (Fact that plaintiff was "quarrelsome and insulting" is not admissible in mitigation of damages where defamatory words were that "the plaintiff was a rogue and had stolen the defendant's sheep").

In the present case, plaintiff claims that defendants, or one of them, accused him of saying: "No Jew will work at the prison as long as I am here." In the previous lawsuit, plaintiff claimed that a different defendant had accused him of sexual harassment. The two accusations — anti-Semitism and sexual harassment — are not related to each other any more than horse stealing is related to hog stealing or cow stealing, or being quarrelsome and insulting is related to sheep stealing and being a rogue. One has nothing to do with the other. Since the law of defamation actions in Virginia is that only acts of general bad reputation and acts directly related to the defamation at issue are admissible, evidence that plaintiff had previously been falsely accused of sexual harassment, as well as evidence that plaintiff had recovered damages for injury to his reputation as a result of such accusation, are not admissible.