# Richmond.

## CHARLES S. JORDAN, AN INFANT, WHO SUES BY J. L. JORDAN, HIS NEXT FRIEND, v. MELVILLE SHOE CORPORATION.

March 22, 1928.

Absent, Burks and Campbell, JJ.

1. APPEAL AND ERROR—*Action for Insulting Words—Verdict for Plaintiff Concludes Questions in His Favor upon which there is a Conflict in the Evidence.*—In an action for insulting words against a principal and agent, the agent denied having used the language attributed to him, but the verdict of the jury, upon conflicting evidence in favor of the plaintiff, established the fact that the agent did use such words, so far as the present writ of error is concerned.

2. MASTER AND SERVANT—*Principal and Agent—Vice Principal—Action for Insulting Words—Case at Bar.*—The instant case was an action for insulting words against a corporation and its agent. One B. was in charge of a store of the corporation and had a sort of super- vision over another store, which was under the immediate charge of the plaintiff. Plaintiff reported a shortage in his accounts to B., who then reported it to the corporation, which directed B. to dis- miss plaintiff and collect the shortage if possible. B. followed in- structions, but in doing so used the insulting language complained of. Plaintiff contended that he was entitled to punitive damages because B. was a vice principal and his act was the act of the cor- poration. B. was directed to discharge plaintiff and collect if possible, but he was not instructed to insult plaintiff in doing either, nor was there any evidence that the company ratified his conduct in carrying out his instructions.

   *Held:* That B. was not a vice principal of the corporation and the corporation could not be held for punitive damages.

3. LIBEL AND SLANDER—*Action for Insulting Words—Damages.*—In an action for insulting words under section 5781 of the Code of 1919, no actual damages have to be proved by plaintiff in order to recover substantial compensatory damages. The law implies damages from the speaking of insulting words.

4. LIBEL AND SLANDER—*Action for Insulting Words under Section 5781 of the Code of 1919—Liability of Corporation.*—A corporation, as any

other master, is liable in damages under the statute (section 5781 of the Code of 1919) for insulting words uttered by its agent while engaged in the ordinary course of his employment, and in connection therewith. In such case the person who has suffered injury may recover compensatory damages from the corporation as principal, and may recover punitive damages if the principal has authorized the act or has subsequently ratified it.

5. LIBEL AND SLANDER—*Action for Insulting Words under Section 5781 of the Code of 1919—Liability of Corporation—Remand for New Trial where a Part of Damages Awarded were Clearly Punitive—Case at Bar.*—In the instant case, an action for insulting words, defendant corporation was liable for compensatory damages for the utterance of insulting words by its agent, in the course of his employment in the business of the corporation, but not for punitive damages, because the corporation neither authorized the use of such words nor had it since ratified their use. The trial court, therefore, was right in setting aside the verdict as the damages awarded, or part thereof, were clearly punitive, but it erred in entering judgment for the defendant corporation. It should have awarded a new trial on the question of the amount of compensatory damages.

Error to a judgment of the Circuit Court of the city of Portsmouth, in a proceeding by motion for a judgment for damages. Judgment for defendant. Plaintiff assigns error.

*Reversed and remanded.*

The opinion states the case.

*Tom E. Gilman* and *Jas. G. Martin*, for the plaintiff in error.

*Baird, White & Lanning*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

Charles S. Jordan, an infant, by his next friend, J. L. Jordan, filed his action, by notice of motion for judgment, in the Circuit Court for the city of Portsmouth,

against Melville Shoe Corporation and H. B. Boykin, under section 5781 of the Code, alleging that: "During the first part of November, 1925, in said city, defendants' maliciously spoke to and concerning the plaintiff, the following scandalous and insulting words, which from their usual construction and common acceptation are construed as insults and tend to violence and breach of the peace, to wit:

"You sold the shoes and took money for your own use."

"Notice you have been flying mighty high recently."

"You sold shoes and put the money in your pocket."

"Your salary will be held."

"You have been seen to take money."

There was a verdict in favor of plaintiff against both defendants in the sum of $3,500.00. The trial court entered judgment against Boykin but set the verdict aside as to the Melville Shoe Corporation, and entered judgment for this defendant. From this judgment a writ of error was duly awarded.

The court, in setting aside the verdict as to the Melville Shoe Corporation held that: "This corporation under the evidence was not liable for punitive damages; that the plaintiff had proved no actual damages, so that the verdict was evidently all for punitive damages, and that the verdict was contrary to the evidence and without evidence to support it as to this corporation, and the court accordingly set aside the verdict as to this corporation and entered final judgment in favor of Melville Shoe Corporation."

This action of the court is assigned as error.

Several interesting questions are involved in this assignment. Charles S. Jordan, the plaintiff, and H. B. Boykin were employees of the Melville Shoe Corporation. Boykin had charge of the latter's shoe store in

Norfolk, Virginia, and a sort of supervision over the Portsmouth, Virginia, store, which was under the immediate charge of the plaintiff.

In November, 1925, plaintiff checked his stock and found a shortage. He reported this to Boykin who checked the stock over again with the plaintiff. Boykin then reported the shortage to the shoe corporation. Upon receipt of this report the shoe corporation directed Boykin to dismiss the plaintiff and collect the shortage if possible. Boykin followed instructions, but in doing so is alleged by the plaintiff to have used the insulting language set out in the notice of motion and quoted above.

[1] Boykin denied having used the language attributed to him but the verdict of the jury, upon the conflict of the evidence, establishes the fact that he did, so as far as this writ of error is concerned.

Out of this state of facts the following contentions of the parties are presented for consideration, the solution of which will determine whether the trial court erred in setting the verdict of the jury aside as to the shoe corporation.

On behalf of the plaintiff it is urged that:

[2] 1. He is entitled to recover punitive damages against the shoe corporation because Boykin was a vice principal and his was the act of the corporation.

As to this contention it is only necessary to say that the evidence is not conflicting upon this question. Boykin was not a vice principal. As to the matter in controversy, he reported the shortage to the company, and received specific instructions to discharge the plaintiff and collect if possible. He was not instructed to insult the plaintiff in doing either nor is there any evidence that the shoe company ratified his conduct in carrying out its instructions. Under such circumstan-

ces, as we will see later, the company cannot be held for punitive damages.

2. Even if plaintiff is not entitled to punitive damages he is entitled to compensatory damages without any evidence on his behalf showing actual or pecuniary loss, provided a corporation is liable in damages at all under 5781 of the Code, a question which will be disposed of later.

[3] So far as the present question is concerned it is perfectly well settled· that in insulting language cases no actual damages have to be proved in order to recover substantial compensatory damages. The law implies damages from the speaking of insulting words.

Thus in *Williams Printing Company* v. *Saunders*, a libel case, 113 Va. 156, at page 180, 73 S. E. 472, 478 (Ann. Cas. 1913E, 693) it is said: "From the publication of such libelous charges the law implies malice, *as well as damages to the plaintiff;* and the jury may; therefore, on proof of the publication only, render a verdict for substantial damages." (Italics added.)

In *Ramsay* v. *Harrison*, 119 Va. 682, 689, 705, 89 S. E. 977, a case of insulting words (page 689), the following instruction was approved by the court (pages 685 and 707 [89 S. E. 978]): "The court instructs the jury that the law presumes that damages result from the utterance of insulting words, and it is not necessary for the plaintiff to prove either actual or pecuniary loss in order to recover."

The opinion at page 707 (89 S. E. 985) quotes from *Boyd* v. *Boyd*, 116 Va. 326, 82 S. E. 110, Ann. Cas. 1916D, 1173, as follows: "The law presumes that damages result from the utterance of insulting words made actionable by our statute, just as it does where the words uttered are actionable *per se;* and it is not necessary in either case, in order to recover, to prove actual or pecuniary loss."

To the same effect is *Boyd* v. *Boyd*, 116 Va. 326, 82 S. E. 110, Ann. Cas. 1916D, 1173, also an action for insulting words.

[4] In the instant case, therefore, under the facts as established by the jury's verdict, the plaintiff is entitled to recover compensatory damages, unless, as contended by the Melville Shoe Corporation, a corporation is not responsible for damages for insulting words used to another by its agent.

This contention is based upon a decision of the Supreme Court of Mississippi in *Dixie Fire Insurance Company* v. *Betty*, 101 Miss. 808, 58 So. 705, where this is said: "Its enactment was for the purpose of preventing personal difficulties, and that consequently it applies only to persons liable to become involved in such a difficulty by reason of having referred to another in words of the character therein mentioned."

Judge Prentis, speaking for this court, in *Hines* v. *Gravins*, 136 Va. 313, 112 S. E. 869, 118 S. E. 114, referred to the Mississippi case with a measure of approval, and on rehearing Judge Burks said, as to the liability of a corporation: "That question, therefore, is left open for future consideration when it shall be necessary to answer it."

Since this case was argued before this court, however, the Special Court of Appeals has met and answered the identical questions here involved in an able opinion by Judge Chinn of that court, handed down at its February term, 1928 (*W. T. Grant Company* v. *Francis L. Owens*, 149 Va. page 906, 141 S. E. 860). After reviewing all the Virginia decisions, and the decisions of other courts, the learned Judge reaches the conclusion that. "In such a case the person who has suffered injury may recover compensatory damages from the corporation as principal; and may recover punitive damages if the

principal had authorized the tort, or has subsequently ratified it. See 6 Fletcher's Encyc. Corp. section 3347, and the Supplement of 1921; 1 Cook on Corp. (8th ed.) page 112 to page 122; Newell on Slander and Libel (4th ed.) sections 309, 310; 4 Min. Inst. (3rd ed.) page 467; Burks Pl. & Pr. (2nd ed.) page 211 *et seq.;* 2 Va. Law Reg. (N. S.) page 65; 7 R. V. L. pages 682, 683, 684; Labatt on Master and Servant, section 2376; 5 Thompson on Corp. (2nd ed.) section 5441; and cases cited by above authorities.''

We concur in his conclusion ''that a corporation, as any other master, is liable in damages under the statute for insulting words uttered by its agent while engaged in the ordinary course of his employment, and in connection therewith,'' and that the question left open in the *Hines* v. *Gravins Case*, should be answered in the affirmative.

[5] It follows, from what has been said, that the defendant, the Melville Shoe Corporation, is liable in the instant case for compensatory damages for the utterance of insulting words by its agent, in the course of his employment in the business of the corporation, but not for punitive damages, because the corporation neither authorized the use of such words nor has it once ratified their use. The court was right, therefore, in setting aside the verdict as the damages awarded or part thereof were clearly punitive, but it erred in entering judgment for the defendant, the Shoe Corporation. It should have awarded a new trial on the question of the amount of compensatory damages. The case is, therefore, reversed and remanded to the Circuit Court of Portsmouth, for a new trial to be had in conformity with the views hereinbefore expressed.

*Reversed and remanded.*