COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


WILLIAM F. MAYWALT

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 2038-09-2                 JUDGE CLEO E. POWELL
                                                MAY 11, 2010
COMMONWEALTH OF VIRGINIA,
  BOARD FOR CONTRACTORS


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Pamela S. Baskervill, Judge

Teddy J. Midkiff (Goff & Midkiff, on brief), for appellant.

Steven P. Jack, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


      William F. Maywalt appeals a final order of the circuit court in an administrative appeal

affirming the finding of the Board for Contractors ("Board") that clear and convincing evidence

demonstrated that Maywalt violated 18 VAC 50-22-260(B)(18) in 2002 by assisting Global

Property Group, LLC ("Global") in violating a provision of the then existing Chapter 11 of Title

54.1 of the Code of Virginia.  On appeal, Maywalt asserts that there is no evidence to support the

Board's determination that he assisted another in violating "any provision of Va. Code

§ 54.1-1100, et seq., in violation of 18 VAC 50-22-260-B-18."  Specifically, Maywalt contends

that "[t]o the extent that the Board's finding relies upon the premise that VA Code § 54.1-1100,

et seq., required Global to hold a contractor's license in order to hire a contractor to make an

improvement upon its own property then this Court should reverse the Board's finding."

Maywalt further argues that Global did not violate the provisions of Code § 54.1-1100, et seq.,

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

when it entered into a real estate contract to convey the property because the improvements were completed prior to closing and, therefore, Maywalt could not have assisted Global in violating Code § 54.1-1100, et seq. Finally, Maywalt contends that even if Global violated Code § 54.1-1100, et seq., there is no evidence that Maywalt assisted Global because Maywalt merely "performed in accordance with the terms of the contract between he and Global." For the following reasons, we affirm the circuit court's decision.

## I. BACKGROUND

Maywalt was issued a Class A Contractor's license on October 28, 1992 as a sole proprietorship. Global is a registered corporation, and Maywalt is listed as the registered agent of Global.

On June 27, 2002, Maywalt obtained a building permit to construct a new home in Dinwiddie County, Virginia. On September 1, 2002, Ernest Jones entered into a contract with Global to purchase this property, which was still under construction. On September 19, 2002, a certificate of occupancy was issued for this residence.

Following a hearing and informal fact-finding conference memorandum, the Board found clear and convincing evidence that Maywalt violated 18 VAC 50-22-260(B)(18). Maywalt appealed this decision to the circuit court but made no legal argument as to why the Board's decision was erroneous. The circuit court held that "the board committed no error of law and substantial evidence exists to support the Board's case decision below." As such, the circuit court dismissed Maywalt's petition for appeal on August 12, 2009.[1] On August 24, new counsel for Maywalt filed a motion to substitute counsel. Counsel also filed a motion to stay final order and retain jurisdiction to reconsider or to preserve objections to the final order, in which he

---

[1] Counsel for Maywalt did not sign the order, and, per Rule 1:13 of the Supreme Court of Virginia, the trial court waived this signature after notice to counsel.

conceded that his objections were not preserved in the final order. Maywalt also submitted a draft consent stay order and substitution order. The Commonwealth filed a response to Maywalt's motion to reconsider. Neither order was entered. This appeal follows.

## II. ANALYSIS

Rule 5A:18 mandates that "[n]o ruling of the trial court . . . will be considered a basis for reversal unless the objection was stated with the grounds therefor at the time of the ruling . . . ."[2] "In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). "A party must state the grounds for an objection 'so that the trial judge may understand the precise question or questions he is called upon to decide.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492 (1942)). "To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'" Id. (quoting Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002)). Rule 5A:18 exists "'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'" Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)). The Supreme Court of Virginia has consistently focused on whether the trial court had the opportunity to rule intelligently on the issues. Scialdone, 279 Va. at 437, 689 S.E.2d at 724.

---

[2] "Rule 5A:18 applies to all cases . . . ." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991).

"If [the] opportunity [to address an issue] is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal." Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006). An appellate court can only "determine whether or not the rulings and judgment of the court below . . . were correct." Jackson, 179 Va. at 651, 20 S.E.2d at 493.

Id.

That said, the purpose of the rule is not "'to obstruct petitioners in their efforts to secure writs of error, or appeals . . . .'" Id. (quoting Kercher v. Richmond, Fredericksburg & Potomac R.R. Co., 150 Va. 105, 115, 142 S.E. 393, 395 (1928)). If the circuit court is aware of the party's objections and has had the opportunity to rule on them, Rule 5A:18 has been complied with and the party's failure to endorse the order does not bar consideration of the issues on appeal. Helmick v. Martinsville-Henry Economic Dev. Corp., 14 Va. App. 853, 858, 421 S.E.2d 23, 26 (1992). But, where the record does not demonstrate that the circuit court had the opportunity to rule on the objections and arguments made below, Rule 5A:18 has been violated. Lee v. Lee, 12 Va. App. 512, 515-17, 404 S.E.2d 736, 738-39 (1991).

Here, Maywalt's initial counsel filed a petition for appeal from the agency's ruling in which he made no arguments and cited no law. In a letter to the parties dated January 23, 2007, the circuit court indicated that it would rule against Maywalt and ordered the Board to draft an order to that effect. On January 30, Maywalt responded in a letter and asked the circuit court to provide reasons for its ruling. The Board drafted an order holding that there was no error of law and finding substantial evidence to support its determination. This order was circulated to counsel for Maywalt on March 1, 2007. On March 27, 2007, the circuit court responded to Maywalt's letter requesting reasons for its ruling by noting on the letter that it so ruled because the record contained evidence in support of the Board's determination. On July 11, 2009, the Board sent a letter to the clerk of the circuit court with a copy to Maywalt's counsel, stating that

- 4 -

a copy of the final order had been sent to counsel for Maywalt to endorse and note objections. This letter requested that if no response was received by counsel for Maywalt by July 31, 2009, that the circuit court enter the order with endorsement by counsel for Maywalt waived pursuant to Rule 1:13. On August 12, 2009, the circuit court entered the order waiving endorsement by Maywalt's counsel.

After entry of the final decree, new counsel for Maywalt filed a motion for substitution of counsel and a motion for reconsideration/preservation of objections with proposed orders accompanying each motion. In this motion for reconsideration/preservation of objections, Maywalt stated his objections to the final order with citations to law in support of his argument.[3] Though the Commonwealth responded to Maywalt's motion to reconsider/preserve objections, neither order was entered by the circuit court. Unlike earlier in the proceedings where letters were written to the trial court proposing dates for hearings to which the circuit court responded by setting the matters for hearings, nothing in the record indicates that Maywalt requested a hearing or that either motion was set for a hearing. Moreover, nothing in the record indicates that the circuit court considered either motion. "[T]he burden is upon the appealing party to demonstrate error." Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 700-01 (1998). Because the record demonstrates that Maywalt made no legal argument and cited no authority as to why the Board's decision was in error in his petition for appeal, there is no evidence as to what objections and arguments were before the circuit court at the time of its initial ruling affirming the Board's decision. Moreover, nothing in the record indicates that the circuit court was on notice of the objections Maywalt filed after the final decree was entered nor that it had

---

[3] Maywalt also specifically concedes that his objections were not preserved in the final order.

the opportunity to rule intelligently on these objections. Thus, Rule 5A:18 bars this Court's consideration of Maywalt's arguments.

## III. CONCLUSION

For the foregoing reasons, we hold that Maywalt's objections and arguments are not preserved and, therefore, Rule 5A:18 precludes our consideration of them on appeal.

Affirmed.