COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Powell and Senior Judge Annunziata
Argued at Alexandria, Virginia


HAZEM E. SOLIMAN

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0030-10-4                  JUDGE CLEO E. POWELL
                                                     JULY 20, 2010
JESSICA LYNN SOLIMAN


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Robert J. Smith, Judge

              Brian M. O'Connor (O'Connor & Vaughn, LLC, on brief), for
              appellant.

              Mary Elizabeth White (Surovell, Markle, Isaacs & Levy, PLC, on
              brief), for appellee.


        Hazem E. Soliman ("father") appeals the circuit court's decision to grant the motion to

reconsider filed by Jessica Lynn Soliman ("mother") in a child custody proceeding.  On appeal,

father argues that the trial court erred by refusing to enter an order incorporating its findings and

rulings announced at the end of the July 13 and 14, 2009 custody hearing when this draft order

was properly noticed and docketed and by considering mother's motion to reconsider without

first entering this draft order.  Father next contends that the trial court's decision to grant

mother's motion to reconsider was erroneous because the motion was not noticed or docketed for

hearing.  Father also asserts that the trial court erred by considering an issue never raised in

mother's written motion to reconsider but raised orally at a hearing scheduled only for entry of

the final custody order, by granting the motion to reconsider on the basis that the father traveled

with the child to foreign destinations other than those explicitly mentioned to the trial court, and

───────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

by modifying custody primarily on this basis absent an explicit prohibition in a court ruling or order restricting travel. Finally, father contends that the trial court erred by "effectively ignoring or minimizing the mother's demonstrated failure to promote the relationship between [father] and child by (a) falsely accusing him of threatening to kidnap the child; (b) moving five hours drive, one-way away from the marital home; [and] (c) making unfounded accusations" that father sexually abused the child. For the reasons that follow, we affirm.

## I. BACKGROUND

Father and mother were married on November 10, 2004, and divorced on December 31, 2007. One child was born of the marriage. On July 13, 2007, the trial court ordered joint legal custody and shared physical custody of the child with the child spending every other week with each parent.

In March of 2009, father filed a petition to modify custody and visitation. Mother filed a cross-petition to modify custody in June of 2009. A hearing was scheduled on the matter on July 13 and 14, 2009, and the trial court addressed the factors set forth in Code § 20-124.3. At the conclusion of the hearing, the trial court announced that it was awarding primary physical custody to father with mother having visitation every other weekend during the school year. The trial court further stated that mother would have custody for six consecutive weeks during the summer after which father could take child to Egypt to see his extended family. The trial court then ordered father's counsel to prepare an order for presentation to the trial court on July 31, 2009. Mother filed a motion to reconsider on July 24, 2009. At the July 31, 2009 hearing, mother's counsel informed the trial court that father had taken child to Kuwait rather than Egypt, as agreed upon at the previous hearing, and indicated that this behavior contributed to her motion for reconsideration. Without explicitly objecting to the motion to reconsider, father's counsel stated that father interpreted the order to allow him to take the child out of our country and that

the destination country was immaterial. Based on this information, the trial court decided to hear mother's motion to reconsider and set the November 18, 2009 hearing for that purpose.

On August 19, 2009, father filed a motion for *pendente lite* relief in which he argued that the trial court erred in its

> decision to grant a new trial of this matter on the oral Motion of [mother's] counsel . . . (a) without proper notice to the [f]ather; (b) without any evidence or testimony (c) more importantly on the basis of a misleading representation to the [c]ourt and (d) without sufficient legal cause on the apparent basis that the [f]ather had somehow violated the [c]ourt's ruling from the bench referring to his travel plans to visit family in Egypt.

As relief, father asked the trial court to enter the draft custody order that he tendered for the July 31, 2009 hearing. Alternatively, he asked the court to enter a *pendente lite* order granting him physical "care and custody" of the child so that she may enroll in school where he lives and suspending his child support obligations pending further hearing. If the court was unwilling to grant either of the aforementioned requests for relief, father sought to reschedule the hearing on mother's motion to reconsider from November to September. Finally, father asked for "other and further relief as the [c]ourt deems appropriate." The trial court denied his motion on November 11, 2009.

Following a hearing on mother's motion to reconsider on November 18, 2009, the trial court ordered, *inter alia*, that as of December 3, 2009, the date the order was entered, child's primary residence shall be with mother and father shall get visitation. Father did not object to this order on the order itself. On the same day that the custody order was entered, father filed written exceptions to the order in a separate document. In this document, father stated that he objected because 1) the trial "court's reconsideration of its July custody rulings and findings are procedurally and substantively flawed;" 2) mother did not foster a relationship between father and child; and, 3) father's trip to Kuwait rather than Egypt was not a material circumstance that

should affect the trial court's decision.  He also incorporated the objections that he previously stated in his motion for *pendente lite* and other relief.

## II.  ANALYSIS

### A.  Preservation of Father's Objections

On appeal, father contends that the trial court erred by refusing to enter the order reflecting the July 13 and 14, 2009 custody hearing and by considering mother's motion to reconsider *before* entering the aforementioned order.[1]  However, father's objections filed in response to the custody order simply state that the trial court's decision was in error because 1) the trial "court's reconsideration of its July custody rulings and findings are procedurally and substantively flawed;" 2) mother did not foster a relationship between father and child; 3) father's trip to Kuwait rather than Egypt was not a material circumstance that should affect the trial court's decision; and, 4) for the reasons stated in his motion for *pendente lite* relief.  In his motion for *pendente lite* relief, father argued that the trial court erred by granting mother's motion to reconsider 1) without proper notice to the father; 2) without any evidence or testimony; 3) on the basis of a "misleading representation to the [c]ourt" by mother; and 4) "without sufficient legal cause on the apparent basis that the [f]ather had somehow violated the [c]ourt's ruling from the bench referring to his travel plans to visit family in Egypt."  As relief, father asked the court to enter the draft order that he had previously submitted for entry on July 31, 2009.  Nowhere in his objections to the final order or his motion for *pendente lite* relief did father argue, as he now does, that the trial court erred by not entering the order or by not doing so *before* granting a hearing on mother's motion to reconsider.

---

[1] Specifically, father's questions presented are: 1)  "Was it error for the [c]ourt to refuse to enter an [o]rder accurately incorporating its findings and rulings as stated in the custody trial of July 13 and 14, 2009[,] on request of the [father] properly noticed and docketed?" and 2) "Did the [t]rial [c]ourt err by considering a [m]otion for [r]econsideration without entering the prior, relevant order?"

Rule 5A:18 mandated that "[n]o ruling of the trial court . . . will be considered a basis for reversal unless the objection was stated with the grounds therefor at the time of the ruling . . . ." "In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" McDuffie v. Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006) (quoting Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986)). "A party must state the grounds for an objection 'so that the trial judge may understand the precise question or questions he is called upon to decide.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Jackson v. Chesapeake & Ohio Ry. Co., 179 Va. 642, 651, 20 S.E.2d 489, 492 (1942)). "To satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'" Id. at 437, 689 S.E.2d at 724 (quoting Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002)). Rule 5A:18 exists "'to protect the trial court from appeals based upon undisclosed grounds, to prevent the setting of traps on appeal, to enable the trial judge to rule intelligently, and to avoid unnecessary reversals and mistrials.'" Reid v. Boyle, 259 Va. 356, 372, 527 S.E.2d 137, 146 (2000) (quoting Fisher v. Commonwealth, 236 Va. 403, 414, 374 S.E.2d 46, 52 (1988)). The Supreme Court of Virginia has consistently focused on whether the trial court had the opportunity to rule intelligently on the issues. Scialdone, 279 Va. at 437, 689 S.E.2d at 724.

> "If [the] opportunity [to address an issue] is not presented to the trial court, there is no ruling by the trial court on the issue, and thus no basis for review or action by this Court on appeal." Riverside Hosp., Inc. v. Johnson, 272 Va. 518, 526, 636 S.E.2d 416, 420 (2006). An appellate court can only "determine whether or not the rulings and judgment of the court below . . . were correct." Jackson, 179 Va. at 651, 20 S.E.2d at 493.

Id.

That said, the purpose of the rule is not "'to obstruct petitioners in their efforts to secure writs of error, or appeals . . . .'" Id. (quoting Kercher v. Richmond, Fredericksburg & Potomac R.R. Co., 150 Va. 105, 115, 142 S.E. 393, 395 (1928)). If the circuit court is aware of the party's objections and has had the opportunity to rule on them, Rule 5A:18 has been complied with and the party's failure to endorse the order does not bar consideration of the issues on appeal. Helmick v. Martinsville-Henry Economic Dev. Corp., 14 Va. App. 853, 858, 421 S.E.2d 23, 26 (1992). But, where the record does not demonstrate that the circuit court had the opportunity to rule on the objections and arguments made below, Rule 5A:18 has been violated. Lee v. Lee, 12 Va. App. 512, 515-17, 404 S.E.2d 736, 738-39 (1991). Therefore, we decline to consider father's questions presented 1 and 2 because he failed to properly preserve these questions.

### B. November 18, 2009 Transcript

Rule 5A:8 requires that any transcripts or written statements of facts necessary to the disposition of the appeal must be made a part of the record and "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Since the Supreme Court of Virginia's decision in Jay v. Commonwealth, 275 Va. 510, 517-20, 659 S.E.2d 311, 315-17 (2008), this Court held in Shiembob v. Shiembob, 55 Va. App. 234, 246, 685 S.E.2d 192, 198-99 (2009), that where a party failed to file a transcript that was indispensable to the disposition of the appeal, the affected issue was waived. Moreover, this Court recently held that "failure to comply with Rule 5A:8 constitutes a violation of a non-jurisdictional rule requirement" and thus this Court is to "treat the underlying issue as waived." Smith v. Commonwealth, ___ Va. App. ___, ___, 693 S.E.2d 765, ___ (2010).

Here, father failed to file the transcript of the November 18, 2009 hearing. Following that hearing, the trial court entered the final order on December 3, 2009 that awarded custody of child to mother. On appeal, father contends, *inter alia*,

> 4.) Did the trial [c]ourt err by considering an issue never raised in [mother's] [m]otion to [r]econsider but raised orally at a hearing scheduled only for entry of the [f]inal [c]ustody [o]rder?
>
> 5.) Did the [c]ourt err by granting the [m]otion to [r]econsider on the basis that the . . . [f]ather allegedly had gone to a foreign location, Kuwait, in addition to Egypt, absent allegations that he failed to maintain contact with the [mother] and without any basis to believe he would fail to return the child to Virginia as scheduled?
>
> 6.) Absent an explicit prohibition in a [c]ourt ruling or order restricting travel, is it error for a trial [c]ourt to modify custody primarily on the basis that the parent traveled with the minor child to an additional foreign location while maintaining contact with the other parent and returning to the Commonwealth of Virginia precisely as scheduled?
>
> 7.) Did the [t]rial [c]ourt err by effectively ignoring or minimizing the [mother's] demonstrated failure to promote the relationship between [f]ather and child by (a) falsely accusing him of threatening to kidnap the child; (b) moving 5 hours drive, one-way away from the marital home; (c) making unfounded accusations of sex abuse against the [f]ather?

Without the November 18, 2009 transcript of the hearing on mother's motion to reconsider, this Court cannot tell what evidence was before the trial court that caused the court to award custody of child to mother. Therefore, it is impossible to determine why the trial court ruled as it did. Thus, that transcript was indispensable on appeal and this Court is deprived of an adequate record from which to address the issues father raises. We hold that because father failed to file the November 18, 2009 transcript, his questions presented 4, 5, 6, and 7 are waived because that transcript is indispensable to the resolution of these questions.

- 7 -

### C. Trial Court's Decision to Grant Mother's Motion to Reconsider

Father contends that the trial court erred in granting mother's motion to reconsider because it was "not noticed or docketed for hearing." We review a trial court's decision on a motion to reconsider only for an abuse of discretion. Smith v. Dept. of Mines, Minerals, & Energy, 28 Va. App. 677, 684, 508 S.E.2d 342, 345 (1998). Father asserts that Rule 4:15(b) requires that all motions must be filed and notice provided in writing to opposing counsel at least seven days before being heard. Mother filed her motion to reconsider on July 24, 2009 and certified that she sent a copy to father. On July 31, 2009, the trial court agreed to hear mother's motion for reconsideration and set the hearing for November 18, 2009. As this is well in excess of the seven days required by Rule 4:15(b), father's argument that mother's motion to reconsider was not properly noticed or docketed is without merit.

### D. Attorney's Fees on Appeal

Mother requests this Court to award attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). After reviewing and considering the record, we hold that mother is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of costs and counsel fees incurred in this appeal.

### III. CONCLUSION

For the foregoing reasons, we affirm the decision of the trial court. Further, we remand to the trial court for a finding on mother's reasonable costs and expenses incurred on appeal.

Affirmed and remanded with instructions.